# Joseph Brumbaugh and David Brumbaugh, vs. Chew Schnebly.

Upon a bill for an injunction to restrain execution upon two judgments *confessed* before a justice of the peace, upon the ground that no warrants ever issued or were served upon the defendants in the judgments, either before or at the time of the confession thereof, which fact was admitted by the answer, HELD, that relief for such an objection to the judgments, should be sought *at law* by an appeal to the county court, and not in equity.

The defendants in the judgments had full and ample relief at law, by appeal to the county court, and their remedy was only in a court of law: equity can furnish no relief.

The case of *Dilley vs. Shipley, et al.*, 4 *Gill*, 48, is not in conflict with this case; that case was decided upon the ground that under the act of 1825, ch. 223, sec. 2, no judgment *in point of fact* had been entered against the parties.

APPEAL from the equity side of Washington county court.

The bill in this case was filed on the 20th of March 1844, by the appellants, the complainants below, against the appellee, and alleges that the complainants on the 10th of June 1843, confessed two judgments in favor of the appellee, before a justice of the peace, each for the sum of $92.11½, that the complainant David, was a surety of the said Joseph in said judgments, and was induced to become such in consequence of the representations of the appellee, that the debts for which the judgments were rendered were *bona fide;* that he has since been informed that the said consideration was fraudulent and usurious. The bill also further charges that at the time said judgments were confessed, there had been no warrants issued in said cases or either of them, against either of the complainants; that said confessions were voluntary and that no warrant had been served in said cases on either of the complainants, and for this reason that they are absolutely null and void in law. It then charges that the stay of execution entered on said judgments has expired, and that the complainants are apprehensive that executions will be issued thereon, and it being now too late to file an appeal bond, and have the

said judgments reviewed by an appeal, the bill therefore prays for a decree setting them aside as null and void, and for an injunction restraining the justice and the appellee, from issuing executions thereon, and for general relief.

The injunction was granted as prayed, whereupon Schnebly filed his answer, in which he denies all the fraud and usury charged in the bill, and insists that all the objections urged against the judgments by the bill, were inquirable into at law upon appeal to the county court, and that all inquiry into these pretended equities is now precluded and is not open for examination in this court. He admits that the complainant David was the surety of Joseph in the judgments, but denies that he was induced to become such by defendant's representations. He also admits that no warrants were issued against the complainants or either of them, or served upon them before or at the time the judgments were confessed, but he insists, that this objection if it be a valid one is obviated by the act of 1843, ch. 362, sec. 3, passed on the 9th of March 1844, which provides that all judgments confessed before justices of the peace without warrant, prior to the passage of that act, shall be as good and valid as if a warrant had been regularly issued.

Upon the filing of this answer a motion was made to dissolve the injunction, and the cause being submitted on bill and answer, the court *(Weisel, A. J.,)* ordered the injunction to be dissolved and the bill to be dismissed, accompanying which order he delivered an opinion, wherein after deciding that a court of equity had jurisdiction to interfere and give relief against a void judgment, he proceeds as follows. "The question then recurs were the judgments here complained of void for the reasons set forth in the bill and admitted in the answer, namely that they were *confessed* before a magistrate *without warrants?* In the argument it was urged by the complainant's solicitors, that the county court of this judicial district, had decided some time prior to the year 1844, that such judgments were void for want of jurisdiction, and had reversed certain judgments on appeal, on this ground. They also

Brumbaugh *vs.* Schnebly.

relied upon the curing act of 1843, ch. 362, secs. 3 & 4, as evidence of such adjudication, and also as a legislative declaration of the invalidity of such judgments. This act is certainly not evidence, that such adjudication had taken place in this *judicial district*, nor can it in my judgment be regarded as such a construction as would amount to a judicial determination, binding upon this court. If it were satisfactorily shown to my mind that such had been, in fact, the decision of the court in this judicial district, then such determination would be law to me, and I would conform my opinion and decree to it in this case. But upon inquiry of the other members of the court, and from correspondence with the clerk of Allegany county court, where such decision was said to have been pronounced, I am of the belief that some mistake has existed in the minds of the members of the bar with regard to it. Were the question entirely free from supposed adjudications, I would have no hesitation in pronouncing a judgment confessed before a justice of the peace, without warrant, as *coram judice* and valid. The act of 1791, ch. 68, does not make a warrant necessary to bring the case under the cognizance of a justice of the peace. The amount in controversy, the nature of the claim, and the residence of the debtor, determine the jurisdiction. Where it is necessary to bring the party before him, process or a warrant becomes essential, and the want of it would be error. But where the party voluntarily appears before a magistrate and confesses judgment in a matter within his jurisdiction, the court cannot perceive error, much less want of jurisdiction, where, by the language of the act, a warrant is not prescribed as the source of jurisdiction, but only referred to as a process for bringing the party before him, and securing his presence at the hearing. Entertaining this view upon it as an independent question, and having no certain grounds for believing that there has been any binding decision to the contrary, either in this district or by the appellate court, I cannot regard the judgments injoined in this case as *void ;* and there being no other grounds for the injunction, my opinion is that the injunction should be dissolved, and I will so order."

From this order the appeal was taken by the complainants, and the cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Miller* for the appellant.

1st. As to the jurisdiction of a court of equity to interfere in this case. It is well established, that a *void* judgment will be relieved against in equity. Now if the *warrant* was necessary to give the justice jurisdiction of the case, his assuming to act without it was not a mere irregularity or informality in a proceeding regularly begun, but an unwarranted usurpation of power. His judgments without warrants were of no more validity or force than if rendered by any private individual. They are in fact no judgments at all in contemplation of law.

In the case of *Dilly vs. Shipley*, 4 *Gill*, 48, the late Court of Appeals sustained the jurisdiction of a court of equity to give relief against a judgment, rendered before a justice of the peace against superseders. In that case the defect in the judgment was that the justice had omitted to *insert* the *date* of confessing the supersedeas as required by the act of 1825, ch. 223, sec. 2. If this omission, in a case where the magistrate clearly had jurisdiction, rendered the judgment in point of fact no judgment at all, and therefore gave the party a right to relief in equity, it would seem, *a fortiori*, that the omission here to issue warrants, which, as is assumed, were necessary to give the justice jurisdiction of the case, would render these judgments, in point of fact, no judgments, and sustain the right of the appellants to the relief they ask at the hands of a court of equity.

2nd. The case is not cured by the act of 1843, ch. 362. This act was passed on the 9th of March 1844, and being silent as to the time it shall go into operation, it did not, by the act of 1837, ch. 261, take effect until the 1st of June 1844. This bill was filed on the 27th of March 1844, and is therefore within the exception of the 4th section of the act of 1843, ch. 362.

3rd. But this act of 1843, ch. 362, is in fact a legislative

declaration of the invalidity of such judgments confessed without warrants. The act of 1831, ch. 290, sec. 2, provides, that in cases of sales of real estate under magistrate's judgments, the sheriff or constable shall make return to the justice of the *fi. fa.*, and *all his proceedings* thereunder, and all said return, "*together with the warrant*," &c., shall be delivered by the justice to the clerk of the county, "*to be by said clerk recorded*," thus making the warrant a necessary part of the title of the purchaser at such a sale. This, as well as all other acts upon the subject, seems to regard the *warrant* as an indispensable part of the proceeding, and that a judgment confessed without it would be *coram non* and *void*.

LE GRAND, C. J., delivered the opinion of the court.

The bill in this case was filed to have the defendant enjoined from issuing executions on two judgments which had been *confessed* before a justice of the peace. The bill in substance avers, that no warrant ever issued, and at the time of the confession of the judgments the complainants believed the claim of the defendant to be just and free from all objection, but that since then they discovered it to be fraudulent and usurious. The answer of respondent denies all fraud and usury. This being so, the only question presented to this court is, ought relief to be sought in equity against the effect of the judgment because of the non-issue of warrants, or ought it to have been sought at law on appeal?

We are of opinion, that the complainant ought to have sought relief at law on an appeal. In a case somewhat analogous to the one before the court this doctrine was held. We allude to the case of *Derickson and others, vs. Predeaux and others*, decided by the Court of Appeals for the Eastern Shore, at June term, 1824. In that case a party having a claim against one of the complainants split the amount into several sums, and caused warrants to be issued on each of such sums, and obtained judgments by the confession of the defendant in those suits. The bill was filed to prevent the execution of the judgments, on the ground, that it was illegal for the plain-

tiff to so divide his claim. The language of the court in that case is equally applicable to the one now before us. " But," say the court in that case, " the defendant in such case having full and ample relief at law, the remedy could only be in a court of law by a reversal of the judgments, on appeal to the proper tribunal, for a want of jurisdiction by the justice of the peace giving the judgments, and equity could furnish no relief. The question of jurisdiction being a question only of law, and the judgments good until reversed on appeal." And " therefore, admitting that the parties could not by splitting the account give jurisdiction to the magistrate, there is not only no ground for the interposition of a court of chancery, but no justice or honesty in their pretensions, and he who seeks relief in equity must come into chancery with clean hands."

The case of *Dilley vs. Shipley et al.*, 4 *Gill*, 48, does not conflict with this view. That case was decided by a majority of the court, on the ground that under the act of 1825, ch. 223, sec. 2, no judgment, *in point of fact*, had ever been entered up against the complainant. Here there is no irregularity in the judgment itself, but the objection is, that the justice had no jurisdiction to render it, and this, as we have seen, is a matter which should have been availed of on appeal.

*Order affirmed.*

Note by the Reporter.—The case of *Derickson and others, vs. Predeaux and others*, referred to in the above opinion, was an appeal from the equity side of Somerset county court, and decided by the Court of Appeals for the Eastern Shore, at June term 1824. *Predeaux*, one of the complainants, was indebted to *Derickson* in the sum of $616.17, which, at the instance and request of *Predeaux*, was split up into twelve parts of $50 each, and twelve judgments each for that sum were confessed before a magistrate in favor of *Derickson*, under the pledge, that he, (*Predeaux*,) would never take any advantage of the irregularity that there might be in rendering the judgments on a claim of that amount.

The cause was argued before *Buchannan*, C. J., *Earl*, *Martin* and *Stephen*, J. The following is the entire opinion of the court.

" That the splitting the account into twelve parts without the assent of the debtor, if that had been the fact, and obtaining judgments by a justice of the peace for the several sums into which the account was so divided, would have been wholly illegal is most clear, and on appeals from such judgments they would certainly have been reversed by the county court.