CASE 85.—PROSECUTION AGAINST THE PADUCAH COOPER-
AGE CO., FOR FAILING TO HAVE AN AGENT AT
ITS KNOWN PLACE OF BUSINESS ON WHOM
PROCESS COULD BE SERVED.—May 4.

# Paducah Cooperage Co. v. Commonwealth

122  755
f130  598

Appeal from Crittenden Circuit Court.

J. F. GORDON, Circuit Judge.

Defendant convicted and appeals.   Reversed.

1. Corporations—Service of Process—Designated Agents—Place
of Residence—Under Kentucky Statutes, section 571, re-
quiring certain corporations doing business in this State
to have at all times one or more known places of business
in this State, and an authorized agent thereat upon whom
process can be served, etc., the statute does not require such
designated agent to reside at its principal place of business,
but while he must be in person at the designated known
place of business, or in the county, so that process might be
served on him, it was not contemplated that he should be
present at such place of business at all times, for every
moment of the day, and every day of the year.
2. Same—Unreasonable Absence of Agent—If the designated
agent, required by section 571, Kentucky Statutes, is at the
principal place of business so that process might be served
on him for the corporation, at all times, and is not unneces-
sarily absent for an unreasonable length of time, the spirit
and purpose of the statute will be satisfied.
3. Object of Statute—Kentucky Statutes, section 571, requiring a
designated agent to be appointed upon whom process might
be served for certain corporations, was not intended to
substitute such agent for the officers of the corporation
designated by section 51, Civil Code of Practice, upon whom
process might be served, but it was aimed to provide an
additional person upon whom process might also be served.

J. D. MOCQUOT, attorney for appellant.

1. Our contention is that the removal of the agent of the

appellant corporation from Paducah where its office is located, to Louisville did not operate to set aside his designation as agent of the corporation upon whom process could be served as required by Kentucky Statutes, sec. 571.

2. The intention of sec. 571 is only to give adversaries of corporations an opportunity to know some particular person upon whom process can be served. In the absence temporarily of the designated agent a plaintiff may serve his process upon any of the officers of the corporation named in the Code. (Commonwealth v. G. C. B. & L. Ass'n, 97 Ky., 325.) .

N. B. HAYS, Attorney General, and C. H. MORRIS for appellee. The appellants only office, so far as this record shows, is at Paducah, Ky. It designated V. J. Blow of Paducah, Ky., as its agent on whom process might be served. The indictment alleges that said agent had left Paducah and had become a resident of Louisville, Ky., and that appellant was carrying on business in Crittenden county and had not designated a place of business nor an agent in said county. We submit that the indictment charges the commission of the offense under the statute, sec. 571. (Johnson v. Masonic Lodge, 21 Ky. Law Rep., 493; Knoxville Nursery Co. v. Commonwealth, 21 Ky. Law Rep., 1483; Jellico Mining Co. v. Commonwealth, 96 Ky., 373; Commonwealth v. Read Phosphate Co., 23 Ky. Law Rep., 2285.)

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant was indicted and convicted under the charge of failing to have an authorized agent at its known place of business on whom process could be served. This offense is created by section 571, Ky. Stat., 1903, which reads as follows: "All corporations except foreign insurance companies formed under the laws of this or any other State, and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this

State, until it shall have filed in the office of the Secretary of State a statement, signed by its president, or secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon whom process can be served; and when any change is made in the location of its office or offices, or in its agent or agents, it shall at once file with the Secretary of State a statement of such change; and the former agent shall remain agent for the purpose of service until statement of appointment of the new agent is filed; and if any corporation fails to comply with the requirements of this section, such corporation, and any agent of employe of such corporation, who shall transact, carry on or conduct any business in this State, for it, shall be severally guilty of a misdemeanor, and fined not less than one hundred nor more than one thousand dollars for each offense.''

The conviction is based upon an agreed state of facts, which is as follows: ''(1) The defendant is a corporation of the State of Kentucky, and as such it filed a statement in the office of the Secretary of State, at Frankfort, Ky., before the finding of the indictment herein, of which the attached statement is a duly certified copy.   (2) That V. J. Blow, mentioned in said statement, was not a resident of Paducah, Ky., at the time complained of in the indictment, but was a resident of Paducah, Ky., at the time said statement was filed in the office of the Secretary of State, and resided in Louisville, Ky., when this indictment was returned, and it had not notified the Secretary of State of any change of agents upon whom process could be served.   (3) That the defendant Paducah  Cooperage Company

has never designated a place of business, or an agent for the service of process in Crittenden county, Ky. (4) That the defendant, Paducah Cooperage Company, at the time complained of in the indictment, was engaged in carrying on its business in Crittenden county, Ky., the purchase of standing timber, stave bolts, and staves in Crittenden county, Ky., and was engaged in the operation of a stave mill in the sawing and cutting of staves in Crittenden county, Ky.''

It will be observed that the indictment does not charge, and the facts do not show, that the agent, Blow, had ceased to be the agent of appellant corporation; nor do they show that Blow was not present at its principal place of business at Paducah at the time of the transactions in Crittenden county complained of in the indictment. The court is of the opinion that the indictment is fatally defective, and the statement of facts is insufficient to support the charge under which the prosecution is had. The statute does not require the agent of a corporation, designated as one upon whom process might be served for it, to reside at its principal place of business. The legal residence of such agent is not deemed material, but he must be in person at the designated known place of business, or in the county, so that process might be served upon him. Nor was it contemplated, in our judgment, that such agent should be present at such place of business at all times for every moment of the day, and every day in the year. The object of the statute was to provide some known, designated person upon whom process might be served, so as to bring the corporation personally before the courts of this State, which

might have or acquire jurisdiction of suits against it. It was not intended at all to substitute such agent for the officers of the corporation designated by section 51, Civ. Code Prac., upon whom process might be served; but it was aimed to provide an additional person upon whom process might also be served. New South Brewing Company v. Price, 50 S. W., 963; 21 Ky. Law Rep., 11. Neither the president, secretary, nor other officer of the corporation is required to be constantly at his place of business for the purpose of affording opportunity for serving process upon the corporation. If the designated agent is at the principal place of business, so that process might be served upon him for the corporation at all reasonable times, and is not unnecessarily absent for an unreasonable length of time, the spirit and the purpose of the statute will be satisfied. The showing in this case is not sufficient, in our opinion, to have justified the infliction of the penalty under the statute.

Judgment reversed, and cause remanded for proceedings not inconsistent herewith.