# THE SMITH PREMIER TYPEWRITER COMPANY *vs.* SIMON W. WESTCOTT.

*Writ of Summons in Action Against Corporation—Jurisdiction of Justice of the Peace—Waiver of Summons—Appeal from Judgment of Circuit Court on Appeal from Justice.*

In an action against a corporation, the writ of summons must be directed to it, and not to an officer or agent, although service must be made upon an officer or agent. Under a summons against "J. L., agent," without more, no jurisdiction is acquired under which a valid judgment can be rendered against the corporation of which he is an agent.

A suit was brought before a Justice of the Peace against a corporation, and the writ of summons was directed to "J. L., agent," and served on him. The Justice gave a judgment against the corporation, which did not appear before him. On appeal to the Circuit Court, the corporation filed a motion stating that it "objects to the trial of this case, and asks that the appeal be dismissed upon the ground that the Justice of the Peace below was without jurisdiction to try the case." *Held,* that although a motion to quash the proceedings would have been more regular, yet this motion raised the question as to the validity of the summons, and was not a waiver by the corporation of its right to be summoned directly.

When a Justice of the Peace renders a judgment against a party not summoned and over whom, therefore, he had no jurisdiction, the fact that that party appeals from the judgment is not a waiver of a summons or a consent to the jurisdiction.

An appeal lies to this Court from a judgment of the Circuit Court on appeal from a Justice of the Peace, when the Justice had no jurisdiction of the case, because the defendant had not been summoned.

*Decided January 12th, 1910.*

Appeal from the Circuit Court for kent County (ADKINS, J.).

The cause was argued before BOYD, C. J., SCHMUCKER, BURKE and THOMAS, JJ.

*B. H. Hartogensis* (with whom was *Hope H. Barroll* on the brief), for the appellant.

*William W. Beck* and *Lewin W. Wickes,* for the appellee. submitted the cause on their brief.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from a judgment rendered by the Circuit Court for Kent County in a case appealed from a Justice of the Peace of that county—the appellant contending that the Court and Justice were without jurisdiction to enter the judgment against it. The transcript from the justice's docket shows that the case was docketed as follows: "Simon W. Westcott, by his father and next friend, George B. Westcott, v. Smith Premier Typewriter Company. J. L. Wilson, agent." The only summons in the record directed the sheriff to summon "J. L. Wilson, agent." It was returned "Summoned." Mr. Wilson filed an affidavit in which he swore that he was a resident of the City of Baltimore, and denied the right of the plaintiff to sue him in Kent County; that he had no power or authority to accept service of process for the Smith Premier Typewriter Company, which was a foreign corporation, for which he was merely a salesman and which had its principal office in Baltimore, and he therefore declined to recognize the validity of the process served on him. He described himself throughout the affidavit as "agent for the Smith Premier Typewriter Co.," and so signed it, as well as individually, but it is admitted in the agreement of counsel that the company was not mentioned in the summons.

The case was set for trial before the Justice on November 25, 1908, at 10 o'clock A. M. At that time the plaintiff ap-

peared with his witnesses and counsel, but there was no appearance by the defendant. The trial proceeded *ex parte,* resulting in a verdict for the plaintiff for the amount claimed. On the same day Mr. Barroll wrote a letter to the Justice in which he stated he had heard accidentally at five minutes of ten o'clock, through a witness, that the case had been set for trial that day. He claimed that he did not have notice of the trial, and hence had no opportunity to appear or summon witnesses and ordered an appeal to be taken to the Circuit Court. He spoke of the case in his order for the appeal as against "J. L. Wilson, agent for the Smith Premier Typewriter Company," and seemed to treat the case as against Mr. Wilson, as he spoke in the letter of his client residing in Baltimore.

The day the case was heard in the Circuit Court Mr. Barroll filed what is spoken of in the record, as a "motion objecting that Court is without jurisdiction." It is as follows: "The appellant objects to the trial of this case and asks that the appeal be dismissed upon the ground that the Justice of the Peace below was without jurisdiction to try the case, and consequently this Court is also without jurisdiction to hear and determine it upon its merits. The appellant calls the Court's attention to the fact that the writ of summons in this case was directed against 'James L. Wilson, agent,' and that the same contained no notice to the appellant of the character of the suit, and neither a copy of said summons or other valid notice was served upon the appellant, and because the appellant is a non-resident corporation, with its principal place of business in the City of Baltimore, and while James L. Wilson, is its salesman, he is not an agent authorized to receive service of process under the Code of Public General Laws of this State."

The Court overruled that motion, and granted one made by the plaintiff to strike out the name of J. L. Wilson, agent. A jury was empaneled and a verdict rendered for the plaintiff, on which judgment was rendered and an appeal to this Court entered on the ground that neither the Justice nor the

Court below had jurisdiction to enter a judgment against the appellant.

The only summons set out in the record, being simply against "J. L. Wilson, agent," was insufficient to require the company to appear. It summoned "J. L. Wilson, agent," to appear before the Justice, "to answer an action at the suit of Simon W. Westcott in a plea of debt on acct." If a judgment had been rendered by default against the company on such summons, it would have been a nullity, because the Justice thereby did not acquire jurisdiction over it. There is no special pleading before a Justice of the Peace, but in order to require a corporation to appear before one, there must be a summons *for the corporation,* unless, of course, it is waived. It may be served upon an officer or agent of the corporation, according to circumstances, but the suit must be *against the corporation* in order to bind it. The principle is thus stated in 20 *Ency. of Pl. and Pr.,* 1136: "A writ against a corporation, to be sufficient to sustain a judgment against such corporation, must run against it, and not against the officer or trustee, who might in law represent such corporation, and a citation addressed to an agent is no notice to the principal." We understand that to be a correct statement of the law on the subject.

It is true that Wilson seemed to understand whom the summons was intended for, and described himself as agent for the company in the affidavit he filed, but we are dealing with the rights of the company and not with those of Wilson alone. Of course the company could waive the absence of a summons, but we do not find such waiver. While the motion made by counsel in the Circuit Court is peculiarly worded—probably inadvertently asking that the appeal be dismissed—it was intended to make the objection that the Court was without jurisdiction to hear the case, as it expressly stated that the Justice was without jurisdiction to try it, and that the Court was without jurisdiction to hear and determine it upon its merits. The motion called the attention of the Court to the fact that the summons was directed against "James L.

Wilson, agent." So it is clear that he did not intend to waive the question of jurisdiction.

It was said in *N. C. R'y Co.* v. *Rider,* 45 Md. 24, in speaking of a return of the sheriff, that: "It ought to appear affirmatively upon what person or persons the process was served, so that the Court could judge whether it was in law a valid service upon the company, otherwise that would be left to depend upon the judgment or discretion of the sheriff. A return that process had been served on the corporation and the company summoned, does not show that the law has been complied with; the corporation is a mere entity existing in the mind, and can neither act itself, nor be affected by legal proceedings except by and through its authorized agents." And the Court said it was questionable whether a return to a writ of attachment if laid "in the hands of the Northern Central Railroad Co. and summoned company as garnishee" was sufficient, but decided the case on another ground. Under our statute, after providing for service on foreign corporations upon the resident agent, if there be one, as required by section 68 of Article 23, and if there is not, upon certain other officers or agents, it is provided: "In all cases, however, the copy of the process shall be left with the person upon whom it is served; and where process is served upon any person other than the resident agent, president, director, or other officer of the corporation, a copy of the process shall also be left at its principal office in this State, if there be one named as aforesaid." Section 67 of Article 23 as amended by Act of 1908. The object of such a provision is to give the company information about the process against it, and it is evident that a copy of this summons would have been of no avail for that purpose, but might well have misled the officers of the company into the belief that the plaintiff was undertaking to hold its agent personally responsible for some debt.

The question principally argued was whether service on J. L. Wilson was such service on the company as was authorized by the present statute, but we are of the opinion that the summons itself was radically defective to bind the company,

and hence it is not necessary to determine whether service on Wilson, under a summons *against the company,* would have been valid.

The only remaining question we will consider is whether an appeal lies to this Court. It must, of course, be admitted that "No appeal lies to this Court from a judgment of a Circuit Court, affirming a judgment of the Justice of the Peace, unless it affirmatively appears from the record, that the Justice rendering the judgment and the Court affirming it upon appeal, were without jurisdiction of the case." *Cole* v. *Hynes,* 46 Md. 181. The appellee contends that the Circuit Court had the right to decide the question of jurisdiction, and the appellant having invoked its decision on that question the judgment is final and conclusive, and there is no appeal to this Court. The case of *Josselson* v. *Sonneborn,* 110 Md. 546, is largely relied on to sustain that contention. But in that case the question was merely whether the summons, which was issued against the defendant, was sufficient, and there was no such question as there is in this case—whether jurisdiction over the person was acquired by a summons issued against another person, and not against the defendant. The summons in that case did not show that the tenancy was for a less term than three calendar months, and, inasmuch as under the local law of Baltimore City the remedy of distress for rent under such a tenancy is taken away, but the landlord is authorized to take proceedings to repossess the premises, it was contended that the summons should have shown that the tenancy was for less than three months, and that there was a defect in the affidavit, which affected the jurisdiction of the justice and of the Baltimore City Court on appeal. This Court said: "Assuming, without so deciding, that both the affidavit and the summons are insufficient, these were questions which the appellant submitted to the lower Court for its decision. That Court had a right to decide them, and its decision, whether right or wrong, cannot be reviewed." Again, it was said: "The Baltimore City Court undoubtedly had the right to decide upon the suffici-

ency of the affidavit and summons. This right was recognized by the appellant by his act in asking its judgment upon those questions by the motion to quash." JUDGE BURKE quoted from the case of *New York Mining Co.* v. *Midland Co.,* 99 Md. 512, where CHIEF JUDGE McSHERRY said: "Whatever subject-matter in the controversy the Court below had the right to decide was necessarily a subject-matter within the jurisdiction of that tribunal. Accordingly, the inquiry here is, not whether the trial Court rightly decided, but whether it had the right to decide what it did decide. If it had the right to decide what it did decide, then, though its decision be, in point of fact or of law, erroneous, it cannot be reviewed, because the statute has conferred no power upon this Court to sit in review of such a judgment." We have applied that principle in a number of cases involving the constitutionality of statutes, for example, in *Raynor* v. *State.* 52 Md. 368; *Judefind* v. *State,* 78 Md. 216; *Arnsperger* v. *Crawford,* 101 Md. 247, and others.

It will be noticed that the quotation from CHIEF JUDGE McSHERRY's opinion in the *Mining Company's Case, supra,* began by stating: "Whatever *subject matter* in the controversy the Court had the right to decide was necessarily a subject-matter within the jurisdiction of that tribunal." In order to give validity to a judgment, the tribunal must have jurisdiction of the person as well as of the subject-matter—unless, of course, it be a proceeding *in rem,* or of that nature. If the tribunal has acquired jurisdiction of the person, by service of its process or by consent, it can determine any subject-matter of which it has jurisdiction, and whether rightly determined or not, it is final, unless the right to review its determination is given some other tribunal, but if it has not acquired jurisdiction of the person then it has no right to decide the controversy about the subject-matter. · JUDGE McSHERRY concluded the opinion in 99 Md. by saying that the exceptions before the Court "in the last analysis relate merely to the correctness of the Circuit Court's judgment, and in

no way concern or affect its jurisdiction over the subject-matter and the parties then before it."

There is a manifest distinction between the two classes of cases, such as *Josselson* v. *Sonneborn* on the one hand, and that now before us on the other. In the former the defendant was brought before the Court by a summons, and whether the summons was defective was a question which the Baltimore City Court not only had the right, but was required to determine, and hence its determination was final, no appeal being provided for, but in this case, as there was *no summons* against the defendant, and it did not voluntarily appear, excepting to object to the jurisdiction, the Court below had no jurisdiction over the person, and hence could not validly enter up judgment. It had no right to decide any question affecting the appellant unless it had acquired jurisdiction over it by service of process directed to it or by consent.

If our inquiry was simply whether Wilson was such an agent as could be served with process, directed to the Company, we would have more doubt about our right to review the decision of the Circuit Court. That might be said to be a question which the justice and the Circuit Court had the right to decide, and we do not want to be understood as determining that in such case we would review the action of the lower Court. But this case, as presented by the record, involves the question whether the action of the Circuit Court is final, although it rendered a judgment, against the protest of the company, when it appears that the process was directed to J. L. Wilson, agent, and not against the company. It is not a question of the sufficiency of a summons or of service, but of the effect of the absence of a summons against the company. If judgment can be entered against a corporation, which is final and beyond the review of this Court, on such a summons and service as this, why not in a case against an individual, when process is issued against his agent? If A. B. is the agent of C. D., could a valid judgment be rendered against C. D. on a summons directed to A. B., agent, and served upon him alone? And if a Justice and the Circuit

Court, on appeal, held that it could be, would there not be a right of appeal to this Court? If not, then it is idle to say that there can be an appeal if the Justice and lower Court do not have jurisdiction, for there can be no doubt that they would be without jurisdiction in such case, unless process and service be waived. It is probable that the Judges of the Circuit Court had their attention directed to the question which seems to have been mainly relied on, whether service on Wilson was such service as the law authorizes and not particularly to the entire absence of process against the company.

It cannot be said that merely because the appellant took the appeal it consented to the jurisdiction over the person. As it in fact knew of the proceeding before the justice, it not only should not be precluded from taking the appeal, but should be encouraged in adopting such course. In some cases this Court has decided that the proper remedy to obtain relief from judgments rendered by Justices of the Peace, on the ground that they had not jurisdiction to enter them, was by appeal. *Brumbaugh* v. *Schnebly,* 2 Md. 320, citing the earlier case of *Derickson* v. *Predeaux,* the opinion in which is given in the note in 2 Md. 325; *Ahern* v. *Fink,* 64 Md. 161, and *Home Life Ins. Co.* v. *Caulk,* 86 Md. 385. But without meaning to hold that equity could not have relieved against a judgment such as this, where there was no summons, and no waiver of it before the Justice, it is clear that the appeal cannot be held to be a waiver.

We had some question about the effect of the appellant embodying in its motion objecting to the jurisdiction of the Justice and of the Court a request to dismiss the appeal, but as proceedings before a Justice of the Peace and on appeal to the Circuit Court, are not required to be conducted in as formal a manner as those originating in Courts of record, we have treated the paper filed as a sufficient objection to the jurisdiction to enable us to review the case—although a motion to quash the proceedings would have been more regular. The agreement of counsel as to the facts, to which a certificate of one of the judges was attached, was not filed until August

5th, 1909, but apparently that was by consent. It is not material, however, as the only reference we have made to it is to show that the company's name did not appear on the summons, which fact is shown by the summons itself, which is in the record.

So, although we regret the necessity for disturbing such a small judgment, we feel compelled to do so. We will reverse the judgment, without prejudice, so that a new suit can be brought if desired. The motion to dismiss the appeal must, by reason of the conclusion we have reached, be overruled.

> *Judgment reversed without prejudice, the appellee to pay the costs.*