## Kentucky Bonding Company v. Commonwealth.

(Decided January 11, 1918.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. **Bonds—Action to Recover Against Corporation Surety—Service—Void Judgment.—**Where in a proceeding to recover against a corporation, which had become surety in a bail bond, the amount of such bond, following its forfeiture, the summons was not issued against the corporation, but against Frank A. Douglas, its vice president and general manager, and was served by the sheriff by delivering to Frank A. Douglas, designating him by name, as "General Manager" by delivering to him a copy of the summons. Held, that such service did not have the legal effect of bringing

the corporation before the court or of giving the court jurisdiction of its corporate person, and, therefore, a judgment rendered against such corporation for the amount of the bail bond was void.

2. Judgment—Void Judgment—Appeal and Error.—On appeal, the Court of Appeals will not review or reverse a void judgment of the circuit court, in the absence of a motion made in the latter court by the appellant to set it aside.

C. B. SEYMOUR for appellant.

CHARLES H. MORRIS, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Dismissing appeal.

Following the return of an indictment in the criminal division of the Jefferson circuit court charging him with grand larceny, Ed Houlihan, being in custody of the court, was admitted to bail in the sum of $300.00 for his appearance therein September 18, 1916. A bail bond was thereupon executed for Houlihan by the appellant, Kentucky Bonding Company, a domestic corporation of this state having its chief office in the city of Louisville, in the sum of $300.00, conditioned as required by the order of the court. The bond is in words and figures as follows:

"Ed Houlihan being in custody and being admitted to bail in the sum of $300.00, Kentucky Bonding Company hereby undertakes that the above named Ed Houlihan shall appear in the Jefferson circuit court, criminal division, on the 18th day of September, 1916, to answer an indictment against him for the offense of grand larceny and shall at all times render himself amenable to the orders and process of said court in the prosecution of said charge, and if convicted shall render himself in execution thereof, or if he fail in the performance of either of said conditions, that Kentucky Bonding Company will pay to the Commonwealth of Kentucky the sum of $300.00.

"(Signed) KENTUCKY BONDING Co., Inc.

"By FRANK A. DOUGLAS, Vice-President and General Manager.

"June 22, 1916.

"Attest.

"FRANK DUGAN,

"By Jos. H. HEENAN, D. C."

Houlihan failed to appear on the 18th day of September, 1916, in accordance with the covenants of his bond and the court thereupon forfeited the bond and directed the issuance of a bench warrant against him. By the same order summons was directed to be issued on the forfeiture "against Frank A. Douglas and Kentucky *Bond Co.*," returnable November 6th, 1916, on which date the matter was set for hearing. On the 20th day of September, 1916, a summons was issued by the clerk directed to the sheriff of Jefferson county, which commanded him "to summon Frank A. Douglas, general manager, Kentucky Bonding Co., to appear before the judge of the Jefferson circuit court, criminal division, at the courthouse in the city of Louisville on the 6th day of November, 1916, to show cause, if any he has or can, why the Commonwealth shall not have judgment and execution against him, etc.," for the amount of the bond and because of the conditions thereof. The following return upon the summons shows the manner in which it was served:

"Executed September 23, 1916, on Frank A. Douglas, General Manager, Kentucky Bonding Co., by delivering him a copy within summons.

"(Signed)  C. J. CRONAN, S. J. C.,
"By E. J. HUETCHKER, D. S."

November 13, 1916, a response to the above summons was filed in open court by Frank A. Douglas, "Vice-President and General Manager of Kentucky Bonding Company," in which was admitted the failure of Houlihan to appear in answer to the indictment at the time fixed by the bail bond for such appearance, but alleged that following his release by the execution of the bond Houlihan was placed under arrest by the civil authorities of the city of Detroit, Michigan, and later imprisoned for some offense committed in that city; and that if allowed a respite of thirty days on the bond the respondent could, as he believed, in that time, procure the arrest of Houlihan, his release from the Detroit authorities and return to the city of Louisville for trial under the indictment pending against him in the criminal division of the Jefferson circuit court. To this response the Commonwealth's attorney filed a demurrer in behalf of the Commonwealth, which the court sustained. After sustaining the demurrer the court entered the following judgment:

"The forfeiture proceedings coming up for a hearing and defendant, Douglas, having filed a statement in the

above styled case and the court being sufficiently advised, it is ordered by the court that judgment be given the Commonwealth. It is, therefore, considered and adjudged by the court that the Commonwealth of Kentucky recover from the defendant the sum of $300.00 with interest thereon at the rate of six per cent. per annum from this date until paid and also the costs herein expended, and may have execution therefor; to which defendant excepts and asks for sixty days in which to file a bill of exceptions.''

The above judgment, which was entered November 20, 1916, was rendered against Douglas alone. On January 4, 1917, the court, apparently upon its own motion, entered the following additional judgment:

"The judgment of November 20, 1916, is modified so as to read as follows:

"The court being sufficiently advised on the proceedings upon the forfeited bail bond herein, it is adjudged that the Commonwealth of Kentucky recover of the Kentucky Bonding Company, the obligor in said bail bond, the sum of $300.00 with interest at six per cent. per annum from the 20th day of November, 1916, until paid, and its costs herein expended. . . . . Sixty days is given the Kentucky Bonding Company to file a bill of exceptions hereto.''

From that judgment the Kentucky Bonding Company has appealed.

It is appellant's contention that the judgment complained of is void because the circuit court was without jurisdiction to render it, as there was no issuance against it of a summons upon the forfeiture taken of the bail bond, or service upon it of such summons. The soundness of this contention is manifest. Although the due execution of the bail bond by appellant through Douglas, its vice-president and general manager, is not denied, it will be seen from the language of the order declaring its forfeiture that such forfeiture was not taken as to the appellant; and a reading of the summons awarded by the court upon the forfeiture and issued by the clerk will likewise show that it was not issued against or executed upon appellant. Frank A. Douglas is alone named therein and in the return showing its service as the person directed to be served with the process. It is true Douglas is described as "General Manager" of appellant, but this was an erroneous description. His connection with appellant was as its vice-president and gen-

eral manager, and such was his official title. In this official capacity he executed the bond in question, signing appellant's corporate name thereto, followed by his own as its vice-president and general manager. The issuance against or service on him in his official capacity of the summons, did not constitute a legal service thereof on the appellant. In order to make its service effective as to the appellant, the summons must have been issued against it in its corporate name, "Kentucky Bonding Company," and executed upon it as such by the delivery of a copy thereof to its agent upon whom the Civil Code, section 51, sub-section 3, authorized its service. If, therefore, the summons had been issued against appellant and Frank A. Douglas was the proper agent through whom to effect its service upon it, the return of the officer should have been made in substance, as follows: "Executed September 23, 1916, on the defendant, Kentucky Bonding Company, by delivering a copy of the within summons to Frank A. Douglas, its vice-president and general manager." Youngstown Bridge Co. v. White's Admr., 105 Ky. 272; Beattyville Coal Co. v. Bamberger, 21 R. 830; Barbourville Real Estate Co. v. Mathews, 14 R. 767.

Section 51, sub-section 3, Civil Code, provides that:

"In an action against a private corporation the summons may be served, in any county, upon the defendant's chief officer, or agent, who may be found in this state; or it may be served in the county where the action is brought upon the defendant's chief officer or agent who may be found therein. . . . "

Kentucky Statutes, section 571, requiring a designated agent to be appointed upon whom process may be served for corporations, was not intended to substitute such agent for the officers of the corporation designated by the Civil Code, section 51, upon whom process may be served; but to provide an additional person upon whom process may be served. Paducah Cooperage Co. v. Commonwealth, 122 Ky. 755; New South Brewing Co. v. Price, 21 R. 1300. In the instant case, even if the summons had been properly awarded against appellant or issued against it, it is not made to appear from the return on the summons, or otherwise, that Frank A. Douglas was the chief officer of appellant in the county in which the action was brought. He may have been authorized by a by-law of appellant to execute for it such a bond as that given for Houlihan, without being its chief officer

upon whom the summons on the forfeiture was author-
ized to be served. Civil Code, section 732, sub-section
33, declares that:

"The chief officer or agent of a corporation which has
any of the officers or agents herein mentioned is: First,
its president; second, its vice-president; third, its secre-
tary or librarian; fourth, its cashier or treasurer; fifth,
its clerk; sixth, its managing agent."

It is patent from what has been said of the record that
appellant was not before the court upon the summons is-
sued against and served upon Douglas; and equally clear
that its appearance was not entered to the proceeding
by the filing of the response which was made by Douglass
alone, and to which appellant was not a party. There-
fore, the judgments rendered by the court were and are
void. In other words, the court was without jurisdic-
tion of the corporate person of appellant when both judg-
ments were rendered. Nor is it true, as insisted for the
Commonwealth, that its appearance was entered by the
filing of the bill of exceptions or by obtaining leave to
file same. This was but a step preparatory to the tak-
ing of the appeal and came after the court had exceeded
its jurisdiction by rendering the judgments.

But notwithstanding the void character of the judg-
ments we must dismiss the appeal therefrom because
there was no motion made by appellant in the court below
to set either of them aside before taking the appeal. Un-
der Civil Code, section 763, a void judgment, though
subject to collateral attack, cannot be reversed or modi-
fied by the Court of Appeals until a motion to set it aside
or modify it shall have been made in the inferior court
and overruled. Such a motion may be made in the lower
court by the defendant after the expiration of the term
at which it was rendered.

For the reasons indicated the appeal is dismissed.