DUTTON v. A. W. WALLACE & CO.

1. CORPORATIONS—PARTIES—CANCELLATION OF STOCK.
   In a suit to cancel subscriptions to capital stock, or stock holdings, the corporation is a necessary party.

2. SAME—PROCESS—JUDGMENT—DECREE AGAINST CORPORATION NOT SERVED IS NULLITY.
   In a suit against a corporation and its officers and agents for the cancellation of stock alleged to have been fraudulently sold to plaintiffs and for damages against the officers and agents who are alleged to have perpetrated the fraud, that part of the decree in the court below canceling the

---

¹Corporations, 14 C. J. § 865; ²Id., 14a C. J. § 2988; 21 R. C. L. 1335; 3 R. C. L. Supp. 1226; 5 R. C. L. Supp. 1189; 6 R. C. L. Supp. 1308.

stock is a nullity, where the corporation was not served with process and was not before the court.

3. SAME—SUMMONING PERSONS AS OFFICERS NOT A SUMMONING OF CORPORATION.

Summoning a person as president, and another as secretary of a certain corporation was not a summoning of the corporation, and their appearance in the form they were summoned did not constitute an appearance of the corporation in fact or in law.

4. JUDGMENT—ORDER PRO CONFESSO A NULLITY WHERE PROCESS NOT SERVED OR APPEARANCE ENTERED.

Where a corporation was not served with process and did not appear, the entry of an order taking the bill as confessed by it for want of appearance was a nullity.

5. EQUITY—ADEQUATE REMEDY AT LAW.

Where the equity court was without jurisdiction to cancel the stock of plaintiffs because the corporation was not before it, and the only issues before the court were for individual damages against the officers and agents, the case should have been dismissed without prejudice to the rights of plaintiffs to prosecute actions at law for damages.

6. APPEAL AND ERROR—TRANSFER TO LAW SIDE OF COURT.

Where the only interest among plaintiffs joined in a suit in equity was in having separate money decrees, for which separate actions at law should be brought, the Supreme Court, on appeal, cannot transfer the case to the law side of the court for the reason that each plaintiff will have to prosecute his individual action, and the court cannot split a suit in equity into many actions at law.

7. EQUITY—WHERE NO EQUITABLE RELIEF SOUGHT PARTIES MAY NOT JOIN SEVERAL CAUSES OF ACTION IN EQUITY SUIT — COMMUNITY OF INTEREST.

Where the only equitable relief prayed for in a suit in equity against a corporation and its officers and agents was against the corporation, and such relief was rendered impossible by failure to summon it, there was no such community of interest in the plaintiffs, who had individual causes of action against the officers and agents for damages, as to authorize their joinder for equitable relief.

[3]Corporations, 14a C. J. § 2921; [4]Judgments, 34 C. J. § 276; [6]Equity, 21 C. J. § 815; [6]Appeal and Error, 4 C. J. § 2390; [7]Equity, 21 C. J. § 305.

Appeal from Kalamazoo; Moinet (Edward J.), J., presiding.   Submitted October 20, 1927.   (Docket No. 53.)   Resubmitted March 27, 1928.   Decided June 4, 1928.

Bill by Frank E. Dutton and others against A. W. Wallace & Company and others to rescind the sale of corporate stock on the ground of fraud.   From the decree rendered, defendants appeal.   Reversed, and bill dismissed.

*Harry C. Howard,* for plaintiffs.

*Mason & Sharpe,* for defendant Travis.

*Brown & Kelley,* for defendant Carton.

*Lucking, Helfman, Lucking & Van Auken,* for defendant Loud.

*J. T. & T. F. McAllister* (*H. E. Spalding,* of counsel), for defendant A. W. Wallace & Co.

WIEST, J.   The plaintiffs individually own many shares of the capital stock of the Michigan-Colorado Copper Company.   The stock is worthless.   Plaintiffs claim they were induced to purchase the stock by false and fraudulent representations made to them by officers and agents of the company, acting in concert, and they filed the bill herein to have their stock holdings canceled, their several investments therein refunded by the company, and its officers and agents who perpetrated the fraud held liable in damages.   The company has been adjudged a bankrupt by the Federal court for the district of Colorado.   In the circuit the bill, as to 19 of the plaintiffs, was dismissed, 5 plaintiffs were granted relief against the company and all of the defendants, except 1, and 23 plaintiffs were granted relief against the company and all of the defendants.   In the circuit a motion by defendants to have the bill dismissed was denied.   Forty-seven

persons joined as plaintiffs in filing the bill. In purchasing stock there was no concert of action by plaintiffs, and, while there was unity among them in filing the bill, there existed no community of interest beyond having their stock holdings canceled and each one having a separate money decree. Counsel for defendants insist that the bill is multifarious, while counsel for plaintiffs contends that joint action by persons wronged by the carrying out of a fraudulent design by concerted acts of others is permissible. Defendants appealed.

At the very threshold of our consideration of the case we are confronted with the question of equitable jurisdiction. If no decree can be entered against the corporation, then there is no equity in the bill. The Michigan-Colorado Copper Company was named a defendant in the bill, but no process was served upon it and it did not appear in the suit. With reference to service of process the record states:

"Returns on summons show service on all defendants except Michigan-Colorado Copper Company, A. C. Carton as president of Michigan-Colorado Copper Company, and Edward F. Loud as secretary of Michigan-Colorado Copper Company, service, however, being made on Carton and Loud as individuals."

This service of process limited decree to damages individually sustained by plaintiffs against defendants guilty of fraud and called for separate decrees varying in amounts and differing in parties plaintiff.

In a suit to cancel subscriptions to capital stock, or stock holdings, the corporation is a necessary party. Unless the corporation is a party to the suit, and thereby subjected to the decretal power of the court, there can be no decree directing it to cancel subscriptions to its capital stock or severing the relation of its stockholders. The decree in the circuit canceled the certificates of stock held by plaintiffs upon delivery thereof to the secretary of the Michigan-Colorado

Copper Company. The Michigan-Colorado Copper Company was not before the court under process or appearance, and the part of the decree mentioned was a nullity.

The circuit judge seemed to think that the appearance of certain of the corporate officers, under designation of their offices, constituted a sufficient appearance of the corporation. We do not think so, for we attribute their appearance, and the designation of their relation to the corporation, to the character in which they, as individuals, were summoned. Summoning "A. C. Carton as president of the Michigan-Colorado Copper Company, a corporation," and "Edward F. Loud, as secretary of the Michigan-Colorado Copper Company, a corporation," was not a summoning of the corporation, and their appearance in the form they were summoned did not constitute an appearance of the corporation in fact or in law. This was evidently the understanding of counsel for plaintiffs, for he entered an order taking the bill as confessed by the Michigan-Colorado Copper Company *for want of appearance.* The order *pro confesso* was a nullity.

Without cancellation of the stock holdings by plaintiffs and severance of their relations to the corporation, the 47 issues in the circuit were for damages only, and when it so appeared the case should have been dismissed without prejudice to the rights of plaintiffs to prosecute actions at law for damages. We may not now transfer the case to the law side of the court, for on the law side each person seeking damages will have to prosecute his individual suit, and we cannot split this suit in equity into 28 suits at law.

Without the Michigan-Colorado Copper Company before the court the asserted community of interest of plaintiffs, claimed to authorize their joinder for equitable relief, does not fall within the doctrine stated in *Hamilton* v. *American Hulled Bean Co.,* 143 Mich. 277. The only equitable relief prayed was against

the Michigan-Colorado Copper Company, and such relief was rendered impossible by failure to summon that corporation.

The decree is reversed and the bill dismissed, with costs to defendants.

FEAD, C. J., and NORTH, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.    SHARPE, J., did not sit.