## STATE et al. v. CITY OF TULSA et al.

No. 20654. Opinion Filed Dec. 1, 1931.

W. F. Hampton, Co. Atty., for plaintiffs in error.

M. C. Spradling, Eben L. Taylor, F. A. Bodovitz, and Langley & Langley, for defendants in error.

RILEY, J. This is an appeal from a judgment and order of the district court of Delaware county, setting aside a judgment theretofore entered in said court in an action wherein plaintiffs in error were plaintiffs and the city of Tulsa was defendant, granting the plaintiffs a permanent injunction, enjoining the city of Tulsa, its agents and employees from creating and maintaining a wire screen in and across the channel of Spavinaw creek so as to prevent the free passage of fish up and down such stream.

The parties will be referred to as in the trial court.

The plaintiffs, the state of Oklahoma, Delaware county, Mark Duncan, John Addington, and T. Phillips, on the relation of W. F. Hampton, county attorney of Delaware county, brought the action and obtained the injunction in a default judgment entered on April 29, 1929. The petition was filed March 19, 1929, and praecipe of summons was filed the same date requesting the court clerk to

"Issue summons in the above-entitled action and direct the same to the sheriff of Tulsa county, state of Oklahoma, to serve in his county on Dan Patton, mayor of the city of Tulsa, the defendant in said action."

On March 20th, the court clerk issued summons, which, omitting the teste, reads:

"Summons.

"State of Oklahoma, County of Delaware. In the District Court 23rd Judicial District.

"State of Oklahoma, Delaware County, ex rel. W. F. Hampton, County Attorney, et al., Plaintiff, v. The City of Tulsa et al., Defendant. No. 2751.

"The State of Oklahoma, to the Sheriff of Tulsa County,

"Greeting:—

"You are hereby commanded to notify Dan Patton, mayor of the city of Tulsa that they have been sued by the above named plaintiff in the district court sitting in and for said county of Delaware, state of Oklahoma, and unless they answer by the 25th day of April, A. D. 1929, the petition of said above-named plaintiff, against them. filed in the clerk's office of said court, such petition will be taken as true and judgment rendered accordingly. You will make due return of this summons on the 3rd day of April, 1929."

The return of the sheriff of Tulsa county was, in part, as follows:

"Received this writ 23 day of March, 1929, at __ o'clock and served the same on the city of Tulsa defendant by delivering a copy thereof with all indorsements thereon, duly certified by me to be a true copy thereof to Dan Patton, in Tulsa county, on the 25 day

of March, 1929, he being mayor of the defendant corporation in Tulsa county, Okla. * * *"

A temporary restraining order of injunction was applied for and obtained. This order was served by the sheriff of Delaware county upon three employees of defendant in Delaware county.

No answer or other plea having been filed, the cause was called for trial on April 29, 1929, and defendant was adjudged in default and the injunction was made permanent.

It appears that the defendant employed the firm of Langley & Langley, of the city of Pryor, Okla., to assist the city attorney of Tulsa in defending the action. Said firm, not knowing that judgment had been entered, caused to be filed an answer on May 2, 1929. Thereafter, on May 7th, defendant filed a motion to set aside the judgment upon six grounds, the first being:

"(1) That no service was had upon defendant of summons in this cause."

And the sixth being:

"(6) The judgment of the court of April 29, 1929, was prematurely entered."

To this motion plaintiffs filed a response, denying the allegations of the motion and affirmatively alleging that due and legal service of summons had been had, and the defendant had actual notice of the filing of said action.

Hearing was had and at the request of plaintiffs' counsel the court made separate findings of fact and conclusions of law.

One of the findings of fact was:

"And that on the 20th day of March, 1929, the plaintiff caused a summons to be issued by the court clerk of Delaware county, directed to Dan Patton, mayor of the city of Tulsa, answer day being designated as April 25, 1929, and that on the 25th day of March, 1929, the summons was served on Dan Patton, mayor of city of Tulsa by the sheriff's office of Tulsa county."

The conclusions of law were:

"The court concludes as a matter of law that the summons issued in this case to Dan Patton, mayor of city of Tulsa, and served on Dan Patton, mayor of the city of Tulsa, was not sufficient to bring the city of Tulsa into court, and that the city had not entered its appearance at the time the judgment was rendered. That the answer filed thereafter by counsel under the mistaken belief that the judgment had not been rendered, and to which the plaintiff filed its motion to strike said answer from the files,

is not sufficient to validate the judgment rendered on April 29th.

"That the court as a matter of judicial discretion thinks the court should set aside the judgment so rendered, and it is so set aside."

The order was accordingly entered setting aside the former judgment. From this order plaintiffs appeal.

While other questions are argued, we thnik the only question essential to determine is whether or not the summons issued and served in the form and manner shown was sufficient to confer jurisdiction upon the trial court to render the original judgment, and if not, whether the filing of the answer was sufficient to supply the defect.

Defendants wholly failed to show sufficient reason other than this for setting aside the judgment. The defect in the summons is that it commanded the sheriff of Tulsa county to "notify Dan Patton, mayor of the city of Tulsa, that they had been sued by the above named plaintiffs." This without giving the names of plaintiffs except as stated in the caption. In the caption the defendants were designated as "The City of Tulsa et al." The question then is: Was this summons sufficient to confer jurisdiction upon the court to enter judgment enjoining the city of Tulsa? If not, the judgment was void upon the judgment roll and was subject to being set aside at any time under the provisions of section 817, C. O. S. 1921, that "A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

The requisites of process are matters of statutory regulation, and it is necessary that it contain whatever the applicable statute prescribes. Such statutes are usually held to be mandatory, and at least substantial compliance therewith is necessary. 50 C. J. 452.

Section 233, C. O. S. 1921, provides that a summons:

"shall be directed to the sheriff of the county, and command him to notify the defendant or defendants named therein, that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true and judgment rendered accordingly."

The summons should state the names of the parties and should also state such names correctly. 50 C. J. 458.

In Vogle v. Brown Township (Ind.) 14

N: E. 77, a default judgment against Brown township entered upon the summons issued to Valentine Strange, trustee of Brown township, Martin county, Ind., was held to be void, and therein it was said:

"It is apparent, therefore, that the utmost that can be granted the appellant is that he asked and obtained a writ against the agent, and not against the principal. This certainly will not support a judgment against the principal, for the general rule—and it is an elementary one—is that the summons must issue against the principal, and not against the agent. Here there is no summons against the township and consequently no legal notice, for the summons does not purport to be directed against the corporation. The fact that knowledge was possessed by the trustee of the action will not avail, for his principal, the governmental corporation, was entitled to be notified as the law directs. It is, indeed, held, by respectable authority, that knowledge on the part of the defendant himself will not supply the place of a summons."

In Smith Premier Typewriter Co. v. Westcott (Md.) 75 Atl. 1052, in an action wherein defendant was designated upon the docket as "Smith Premier Typewriter Company, J. L. Wilson, Agent," and the summons directed the sheriff to summons J. L. Wilson, agent, the court, discussing the sufficiency of the summons, said:

"If a judgment had been rendered by default against the company on such summons, it would have been a nullity, because the justice thereby did not acquire jurisdiction over it."

In Mutual Life Ins. Co. of N. Y. v. Uecker (Tex. Civ. App.) 101 S. W. 872, it was held:

"Under Sayles' Rev. Civ. St. 1897, art. 1214, requiring the citation in an action to command the officer to summon the defendant to appear and answer plaintiff's petition, a court had no jurisdiction to render judgment by default against a corporation, where the citation directed the agent of the corporation to be summoned, instead of the corporation."

In the body of the opinion, it was said:

"The citation did not direct the officer to summon the Mutual Life Insurance Company, the defendant in the case, but directed that a person alleged in the petition to be the agent of the defendant should be summoned. This was not a compliance with the statute, which required the citation to command the officer to summon the defendant to appear and answer the plaintiff's petition, and hence the citation in this case did not confer jurisdiction on the court below to render the judgment by default against the plaintiff in error."

Kentucky Bonding Co. v. Commonwealth

(Ky.) 199 S. W. 807, is a case almost identical in principle with the instant case. There, however, the defendant was a private corporation instead of a municipality. It was therein said:

"It is patent from what has been said of the record that appellant was not before the court upon the summons issued against and served upon Douglas, and equally clear that its appearance was not entered to the proceeding by the filing of the response which was made by Douglas alone, and to which appellant was not a party. Therefore, the judgments rendered by the court were and are void. In other words, the court was without jurisdiction of the corporate person of appellant when both judgments were rendered."

The summons in the instant case did not comply with the statutory requirement. It merely followed the direction of plaintiff's counsel in the praecipe and commanded the sheriff to notify Dan Patton, mayor of the city of Tulsa, that they had been sued, etc. Testing the sufficiency of the summons by the rule laid down in the above authorities, it is clear that said summons was insufficient to confer jurisdiction upon the trial court to enter a default judgment against the city of Tulsa. Furthermore, the summons was defective for failure to name the plaintiffs in the body thereof as required by the plain provisions of section 233, supra. Hines, Dir. Gen., v. Bacon, County Treasurer, 86 Okla. 165, 207 P. 93.

It is contended by plaintiff that by filing the answer after the judgment had been entered, defendant had thereby entered a general appearance for all purposes which related back to the rendition of the judgment and thereby validated same.

In Oklahoma City v. McWilliams, 108 Okla. 268, 236 P. 417, it was held:

"A judgment against a municipal corporation rendered without service being had upon said municipal corporation as provided by section 243, Comp. St. 1921, and without service of summons being waived or accepted by anyone authorized to accept service or waive same is invalid."

That was a case wherein the validity of certain judgments against the city, obtained without the service of summons, but upon a waiver thereof by the municipal counselor, was involved. In the body of the opinion it was said:

"We are, therefore, of the opinion that the municipal counselor, not being a proper officer of the corporation on whom service of summons could be had, was without authority to accept the same, and the board of city commissioners, being the governing

power of the city, duly elected and qualified to transact the business of the city, had the exclusive authority to confess judgment against said city, and only then in the absence of collusion or fraud."

No provision of the charter of the city of Tulsa has been called to our attention which would authorize the city attorney, or any attorney, to accept or waive service of summons or enter an appearance for the city. In the McWilliams Case, supra, the rule laid down in 28 Cyc. 1764, is quoted with approval, as follows:

"* * * The corporation counsel has no larger powers to bind his client than those connected with the ordinary relations of attorney and client, and he cannot waive the issuance and service of process so as to give jurisdiction by his mere appearance. * * *"

If corporation counsel may not waive issuance and service of summons in the first instance .nor confer jurisdiction by mere appearance, it is difficult to understand how jurisdiction could be conferred by appearance by municipal counsel after default judgment had been entered and thereby give validity to an otherwise void judgment.

We do not wish to be understood as holding that plaintiffs were not entitled to the relief prayed for upon a proper showing, but merely to hold that before a valid injunction can be issued against the city of Tulsa, the court must first obtain jurisdiction by the service of a proper summons or by a waiver thereof by the governing power of the city elected and qualified to transact its business.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.

Note.—See under (3) 15 R. C. L. 692.