No. 39,077

Roy A. McFadden, *Appellant,* v. Mid-States Manufacturing Corporation, Inc., a corporation, *Appellee.*

(262 P. 2d 838)

Opinion filed November 7, 1953.

Alan B. Phares, of Wichita, argued the cause, and *Patrick J. Warnick, Henry E. Martz,* and *Fred J. Gasser,* all of Wichita, were with him on the briefs for the appellants.

R. L. Letton, of Pittsburg, argued the cause, and *P. E. Nulton,* of Pittsburg, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Plaintiff, Roy A. McFadden (appellant), filed his petition in the district court of Sedgwick county, seeking recovery of damages for an alleged breach of contract against Mid-States Manufacturing Corporation, Inc., sole defendant (appellee), a Kansas corporation with principal and registered offices at Pittsburg, Crawford county. On the same day, plaintiff caused a written praecipe for summons to be filed, directing the clerk of the court to issue summons to or for the defendants, "Bill Hubbard, General Manager, Mid-States Manufacturing Corp., Inc., a Corp. . . ."

Pursuant thereto, summons was issued by the clerk of the court, directed to the sheriff of Sedgwick county, the pertinent portion of which reads: "You are hereby commanded to notify Bill Hubbard, General Manager, Mid-States Manufacturing Corp., Inc., a Corp. . . . that *he* has been sued together with _____ by Roy A. McFadden in the District Court . . . and that *he* must answer the petition filed against *him.* . . . The Sheriff will make due return of this summons on or before the 20 day of June, A. D. 1952." (Italics supplied.)

The pertinent portion of the sheriff's return is as follows: "Re-

ceived this writ 6/10/52, and as commanded therein, I summoned the following persons, of the defendants within named at the times following to-wit: Bill Hubbard 6/10/52, by delivering to each of said defendants, personally, in said county, a true copy of the within summons with all the endorsements thereon. . . ."

Thereafter defendant appeared specially and filed its motion to quash the service of summons, contending that the service was defective in that it was not directed to the defendant corporation, nor did it command the sheriff to notify the defendant that it had been sued, and that the purported summons was directed to one Bill Hubbard, not a party defendant to the action.

Thereupon plaintiff filed a motion to allow the sheriff to amend his return pertaining to service of the summons. The trial court after hearing the evidence and arguments by the respective parties overruled plaintiff's motion to amend, and sustained defendant's motion to quash the service of summons. It is from these rulings that the parties appeal.

The determinative question is whether the summons directed to be served, and served upon Bill Hubbard, General Manager, Mid-States Manufacturing Corporation, Inc., and not directed to be served, or served upon the defendant itself, was sufficient to give the trial court jurisdiction over the corporation.

Defendant asserts that plaintiff caused a praecipe for summons to be filed directing the clerk of the court to issue a summons to one Bill Hubbard, General Manager of the mentioned corporation, and that the summons was issued by the clerk, directing the sheriff of Sedgwick county to notify Bill Hubbard, General Manager of the mentioned corporation, that he had been sued by plaintiff, Roy A. McFadden, in the district court, and that he must answer the petition filed against him. The true defendant (corporation) was neither named in the praecipe for summons nor in the summons, except as shown in the caption thereof.

G. S. 1949, 60-2501 provides, in part:

"The summons shall be issued by the clerk, upon a *written praecipe filed by the plaintiff;* shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the *defendant or defendants, named therein, that he or they have been sued,* and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true, and judgment rendered accordingly; . . ." (Italics supplied.)

In any action it is essential that the trial court have jurisdiction not only over the subject matter thereof but of the parties to the action. Jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by the statute or by voluntary appearance, and this statutory method is exclusive of any other method of service. The authorities are in accord that one of the essentials of any process is that it name the party who must respond. The process must show the party for whose benefit the action or proceeding has been instituted, and the party who is to be served. The naming of the defendants is a mandatory requirement. (*Butler County Comm'rs v. Black, Sivalls & Bryson, Inc.,* 169 Kan. 225, 217 P. 2d 1070; 42 Am. Jur. 17, § 16.) Jurisdiction of a corporation cannot be obtained by process against its officers or members as individuals; and hence a process is insufficient which, instead of directing the sheriff to summon defendant corporation, merely requires an officer or agent thereof to be summoned. (19 C. J. S. 992, § 1308; *Dutton v. A. W. Wallace & Co.,* 242 Mich. 481, 219 N. W. 705; *State v. City of Tulsa,* 153 Okla. 262, 5 P. 2d 744; *Kentucky Bonding Co. v. Commonwealth,* 178 Ky. 605, 199 S. W. 807; *Fort Worth Lloyds v. Johnson* [Tex. Civ. App.], 129 S. W. 2d 1157.)

The summons in the instant case failed to comply with the statutory requirements. It merely followed the direction of plaintiff in the praecipe, and commanded the sheriff to notify Bill Hubbard, General Manager, Mid-States Manufacturing Corporation, Inc., that he had been sued, etc. No summons having been issued for defendant corporation, there was no return to amend. Testing the sufficiency of the summons by the mentioned statute and authorities, it is clear that the summons was insufficient to confer jurisdiction upon the trial court over the defendant corporation. That court having sustained defendant's motion to quash service of summons was without jurisdiction to proceed further in the matter.

The judgment is affirmed.