## DANIEL WEAVER v. E. J. YOUNG.

AMENDMENT, *in Furtherance of Justice.* The district court has power, in furtherance of justice, to permit an amendment of a petition, by striking out the name of Joseph M. Young as plaintiff and substituting that of E. J. Young, when it is shown that the first name was used by mistake.

*Error from Marion District Court.*

EJECTMENT brought by *Joseph M. Young* against *Daniel Weaver.* Trial by the court at the March Term, 1885, and finding and judgment for defendant *Weaver.* Plaintiff demanded a second trial, which was granted. At the June Term, 1885, the plaintiff and *E. J. Young* filed a motion to substitute the latter as plaintiff in the action in place of *Joseph M. Young.* This motion was supported by the following affidavit:

"Frank Doster on oath says he is an attorney at law of the district court of Marion county, Kansas; that he is the attorney of the above-named Joseph M. Young and also of E. J. Young, and has been such attorney generally and exclusively so far as he knows for many years past of both said persons; that said Joseph M. and E. J. Young are husband and wife, and that Joseph M. Young is the agent of E. J. Young; that a few months prior to the purchase of the land described in the above-entitled cause by E. J. Young, he was consulted professionally about the title to the same by Joseph M. Young, and about the advisability of purchasing the same; that affiant gave to Joseph M. Young as his opinion, that the tax title held and owned on said land by defendant was invalid, and that Joseph M. Young could safely buy the original or patent title to the same.

"Affiant does not remember whether Joseph M. Young consulted him in his own interest or in that of E. J. Young. Subsequent to said consultation, Joseph M. Young informed affiant that the original or patent title had been purchased by him; but affiant does not remember whether he stated that he had purchased it for himself or as the agent of E. J. Young, but he assumed that the purchase had been made by Joseph M. Young for himself and in his own name, and on being in-

structed to commence suit against the defendant, commenced it in the name of Joseph M. Young, under the supposition that the land belonged to him, and did not discover that the title to said land was in E. J. Young, and that the suit should have been brought in her name, until after the commencement of the present term of this court, when his attention was called to it by Joseph M. Young.

"While affiant has no remembrance as to the fact, yet he believes that Joseph M. Young never instructed him to bring said suit in his name, or informed him that he owned the land; but believes, from his knowledge of the business habits of Joseph M. Young, that he informed the affiant of the real facts as to the ownership of said land, and that the bringing of said suit in the name of Joseph M. Young, instead of E. J. Young, was the mistake of affiant solely.

"At the February term of this court for 1885, there was only a formal trial of said cause, and the evidence therein was not fully presented so as to discover the mistake in the name of said plaintiff. FRANK DOSTER.

"Subscribed and sworn to before me, this 25th day of June, 1885.

[Seal.] C. F. BROOKER, *Clerk.*"

The court sustained the motion, and ordered that the title of the cause be amended by entitling the same E. J. Young, plaintiff, *v.* Daniel Weaver, defendant; to which ruling and order the defendant excepted. Trial by the court, at the November Term, 1885, when the court found for the plaintiff *E. J. Young.* Defendant moved for a new trial, which was denied. Judgment for the plaintiff. The defendant excepted, and brings the case here.

*L. F. Keller,* for plaintiff in error.

*J. S. Dean,* for defendant in error.

Opinion by SIMPSON, C.: The only question discussed by counsel on both sides in their briefs is, the power of the court to make the amendment. This consisted in substituting the name of E. J. Young as plaintiff, in the place of Joseph M. Young, who, by mistake of the attorney for defendant in error, was originally made the plaintiff in the action. E. J.

Young is the wife of Joseph M. Young, and is the person to whom the deed was made, which is now claimed to have conveyed to her the title to the land involved in this controversy. We must confess that if this question were now presented to the court for the first time, we would have great difficulty in controlling the argument, and resisting the authorities cited by counsel for the plaintiff in error. The line of decision heretofore made by the court on this question is broad enough to embrace the amendment made in this case, and there is no error in the district court permitting it. In *City of Atchison v. Twine*, 9 Kas. 350, the action was brought by the widow, and the court permitted the administrator to be substituted as plaintiff; and this court, by Chief Justice KINGMAN, says that "the power of the court to make the amendment is undoubted. Nor should we hesitate if it were the mere substitution of one name for another."

In *National Bank v. Tappan*, 6 Kas. 456, the action was brought in the name of Tappan. It turned out on the trial that the claim was in favor of the firm of Tappan & Weichselbaum, and the amendment was made and affirmed here.

In *Hanlin v. Baxter*, 20 Kas. 134, the action was entitled in the name of John B. Baxter, and Wm. O. Baxter was substituted as plaintiff in the suit. These cases seem conclusive against the claim of the plaintiff in error.

We recommend the affirmance of the judgment of the district court.

By the Court: It is so ordered.

All the Justices concurring.