The judgment is reversed and the cause remanded for further proceedings.

---

DAN DETER *et al.*, *as Partners, etc.,* v. G. H. JACKSON *et ux.*

No. 15,084. (92 Pac. 546.)

SYLLABUS BY THE COURT.

1. PETITION—*Amendment.* In their original petition plaintiffs alleged that defendants engaged to sell plaintiffs' land at a price of $4000 for a commission of $125, but that if only $3900 could be obtained for the land the commission would be $100; that the land was in fact sold for $4000 but that defendants fraudulently represented that only $3900 was obtained for it; that under this deception plaintiffs accepted the $3900 and paid the defendants a commission of $100; that defendants fraudulently collected and converted to their own use $100 of the price paid for the land. They then

asked for a judgment of $75.  Later, upon application, plain-
tiffs were permitted to amend their petition by alleging that
defendants, through their fraudulent conduct, had forfeited
all right to any commission for the sale of the land, and
asking for a recovery of $200, which included the remainder
of the price of the land and the commission which they were
fraudulently induced to pay.  *Held,* that no error was com-
mitted in allowing the amendment.

2. FRAUD—*Real-estate Broker—Forfeiture of Commission.* Where
a real-estate broker falsely states the facts and deceives the
owner as to the price paid for the latter's land, and fraudu-
lently retains a part of the selling price, the broker is liable
not only for so much of the consideration as he retained but
he will also forfeit all claim to any compensation for pro-
curing a buyer.

Error from Morris district court; OSCAR L. MOORE,
judge.  Opinion filed November 9, 1907.  Affirmed.

*George P. Morehouse,* and *Clarence A. Crowley,* for
plaintiffs in error.

*Nicholson & Pirtle,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.:  This was an action by G. H. Jack-
son and Belle Jackson to recover money alleged to have
been fraudulently obtained and withheld by Deter &
Jaillite, real-estate brokers, who had negotiated a sale
of the Jackson farm.  In the original petition the Jack-
sons alleged in effect that Deter & Jaillite undertook to
sell the Jackson farm at a price of $4000, in which
event they were to receive as commission $125, but if
that price could not be obtained and it should have to be
sold for $3900 their compensation for the sale would
be $100.  It was also alleged that they negotiated a
sale to W. D. Houcke for $4000, but that they falsely
and with the purpose of cheating and wronging the
plaintiffs represented to them that they had sold the
farm for only $3900, and to carry out the deception
that sum, instead of $4000, was named as the consider-
ation in the contract of sale and deed to Houcke, and

that the defendants collected from Houcke $100 of the consideration and converted it to their own use and collected another $100 as commission from the plaintiffs on the false representation that they had sold the farm for only $3900, and further that the fraud was not discovered until about a month after the transaction occurred. The petition closed with a prayer for judgment for $75. The defendants filed a general denial, and the trial which followed resulted in a verdict for plaintiffs, but for some reason this was set aside and a new trial granted.

Before the next trial the plaintiffs obtained permission to amend their petition, and alleged that by reason of their fraudulent conduct the defendants had forfeited any commission or compensation whatsoever for the sale of the farm and that the plaintiffs were entitled to recover from the defendants $200, for which they asked judgment. In their answer to the amended petition the defendants denied the allegations of fraud and alleged that $3900 was the full consideration for the sale of the land. On a second trial the verdict was in favor of the plaintiffs, but this too was set aside, and on the third and final trial the plaintiffs recovered a verdict for $200, which included the $100 of the consideration wrongfully withheld and the $100 paid as commission and forfeited by the fraudulent conduct of the defendants. They complain and assign as error the ruling permitting plaintiffs to amend their petition and to ask for a forfeiture of the commission and the increased amount.

Under section 139 of the civil code (Gen. Stat. 1901, § 4573), which authorizes a court, in furtherance of justice, to allow the amendment of any pleading when it does not change substantially the claim or defense, the court was justified in permitting the amendment in this case. In fact the amendment was little more than a demand for a larger recovery. The facts justifying the increased demand were fully pleaded in the orig-

inal petition. The misrepresentations and fraud of defendants, which formed a basis of any recovery in the case, were set out in both petitions. The evidence to sustain a recovery under the original petition was competent and substantially the same kind of evidence as was required to establish the right of recovery and the larger demand under the amended petition. The matter of amending ·pleadings rests largely in the discretion of the trial court, and unless there has been a clear abuse of discretion its rulings will not be disturbed. (*Rogers v. Hodgson,* 46 Kan. 276, 26 Pac. 732.) It cannot be said that the court's discretion in permitting the amendment in this case was unwisely exercised. Nor did the act of the plaintiffs in asking for a judgment of $75 in the original petition ratify the fraudulent transactions of defendants, or prevent plaintiffs from finally asking for the full amount to which they were entitled under the facts pleaded.

The sufficiency of the evidence is questioned, but it abundantly shows misrepresentation of facts, concealment of the consideration actually received for the land, and the fraudulent retention of $100 of that amount. The defendants were bound to account to the Jacksons for the full amount received for the farm, and by their fraudulent representations and conduct they forfeited the claim to any commission for the sale of the land. Having abused the confidence of their principals and committed fraud upon them, the law justly deprives the agents of any compensation for their services in negotiating the sale. (*Jeffries v. Robbins,* 66 Kan. 427, 71 Pac. 852.)

The instructions of the court fairly stated the law applicable to the facts brought out by the evidence, and no error is seen in any of the court's rulings. The judgment is affirmed.