No. 18,109.

C. E. Woods, *Appellee,* v. G. L. Nicholas, *Appellee,*
and L. W. Parker, *Appellant.*

SYLLABUS BY THE COURT.

1. Pleadings—*Amendment—Correction of Mistake—Liberally Allowed.* Amendments for the purpose of correcting mistakes or defects in pleadings that would promote justice and not substantially change the claims or defenses of parties should be liberally allowed.

2. Petition States Cause of Action—*Deceit and Fraud.* The averments of the amended petition examined and held to state a cause of action for the deceit and fraud of the defendant.

3. Sales—*Mere Expression of Opinion Not Fraud.* A mere puffing statement by the seller as to the quality of an article sold or exchanged is generally regarded as an expression of opinion and of itself does not constitute fraud as against the buyer.

4. Sales—*When Rule of Caveat Emptor Applies.* It is a general rule that if an article is sold for any and all purposes for which it is adapted, and not by a manufacturer or producer for a particular purpose, and it is open to inspection by the buyer, the rule of *caveat emptor* applies.

Appeal from Seward district court; William H. Thompson, judge. Opinion filed May 9, 1914. Affirmed.

*V. H. Grinstead,* and *Arthur C. Scates,* both of Liberal, for the appellant.

*F. S. Macy,* of Liberal, for appellee C. E. Woods.

The opinion of the court was delivered by

Johnston, C. J.: In an action brought by C. E. Woods he charged that L. W. Parker had deceived and defrauded him by selling and transferring to him two promissory notes executed in his favor by G. L. Nicholas, one for $327.50 and the other for $300, due at different times, and representing that the notes were secured by a mortgage upon an engine and certain

Woods v. Nicholas.

implements which were not otherwise encumbered, when in fact there was a prior mortgage on the property in an amount about equal to its value. In 1907 Parker purchased the engine from Hart-Parr Company, and to secure the payment of the purchase price gave that company a mortgage thereon for $1500. He paid $1000 of that indebtedness, and later sold the engine and some plows to Nicholas, who executed the two notes mentioned in favor of Parker; and he also executed a mortgage on the engine and plows to secure these notes, which contained a clause that the property was unencumbered. Shortly afterwards Parker transferred the Nicholas notes and the mortgage to Woods, representing that the notes were well secured by a first mortgage when there was in existence a mortgage on the property given by Parker himself to secure an unpaid note of $500. At the instance of Parker, Grage, who was his son-in-law, obtained this $500 note, and later Parker as the agent of Grage foreclosed the first mortgage and absorbed the security which had been given to Woods. Woods began this action, basing it on the fraud and deceit of Parker, and named Nicholas, who was alleged to be insolvent, as a defendant in the case. Parker answered admitting the existence of the unpaid note of $500 and the prior mortgage which had been given to secure its payment, and he also alleged that Woods had turned over to him as part consideration for the notes an old worn-out automobile, representing it to be as good as a new one, and he therefore asked for judgment against Woods for the sum of $600.

There is complaint that Woods was permitted to file an amended petition after the trial had been commenced, and also that the petition so amended failed to state a cause of action for fraud and deceit. No error was committed in either respect. Amendments for the purpose of correcting mistakes of any kind in pleadings, which would be in furtherance of justice and would not substantially change the claims or defenses,

should be liberally granted. (Civ. Code, § 140; *Rogers v. Hodgson,* 46 Kan. 276, 26 Pac. 732; *Deter v. Jackson,* 76 Kan. 568, 92 Pac. 546; *Malone v. Jones,* 91 Kan. 815, 139 Pac. 387; *Wait v. McKibben,* post.)

The amendment made by Woods only amplified the averments of his original petition, which itself stated a right of recovery on the ground of fraud. While Woods set out the notes which had been transferred to him by Parker indorsed as "without recourse," it was further stated that he was induced to take them by the representations of Parker that they were well secured by a first mortgage upon the property, whereas the mortgage given by himself was a lien on the property, and that he had been instrumental in having his son-in-law obtain and foreclose that mortgage. Plaintiff alleged and offered testimony to show that the representations so fraudulently made were relied on by him, and also that the maker of the notes was insolvent.

On behalf of Parker it was claimed that error was committed in instructing the jury as to the representations made by Woods relating to the condition of the automobile given by Woods in exchange for the notes and mortgage. Parker claimed that he was entitled to set off the price of new tires purchased by him to replace the worn ones that were on the machine when he got it and which he says were represented to be in good condition. The court advised the jury that if the plaintiff made false and fraudulent representations as to the condition of the automobile in certain respects, on which Parker relied, and that he did not and could not discover such condition by an examination made with reasonable care and diligence, he would be entitled to recover the damages sustained, but added that under the admitted facts of the case Woods was not liable for the new tires which Parker had placed on his machine. The exclusion from consideration of the new tires is the part of the instruction of which complaint is made. The ruling was based on the fact that Parker had made

Woods v. Nicholas.

an examination of the tires before the sale and exchange was effected. It appeared that he not only examined but commented upon the fact that the tires were badly worn, and he noticed, too, that the rubber had been worn off so that the canvas was in sight. Woods was not a manufacturer nor a dealer in automobiles, and it appears that he did not have any expert knowledge respecting them. When the condition of the tires was mentioned Woods said, "Oh, pshaw, they are good for two thousand miles." This was a mere puffing statement like those frequently made respecting the value of things offered for sale, which are generally regarded to be expressions of opinion and which of themselves do not constitute fraud. (35 Cyc. 71.) There was nothing approaching a warranty of the tires, nor were there any confidential relations between the parties, and as the information relating to the condition of the tires was available alike to both parties, and as the tires were actually inspected by Parker, it can not be said that he was defrauded in that respect. It is a general rule that if an article is sold for any and all purposes for which it is adapted, and not by a manufacturer or producer for a particular purpose, and is open to inspection by the buyer, the doctrine of *caveat emptor* applies. (*Graffenstein v. Epstein & Co.*, 23 Kan. 443, 33 Am. Rep. 171; *Lukens v. Freiund,* 27 Kan. 664, 51 Am. Rep. 429; *Safe and Lock Co. v. Huston,* 55 Kan. 104, 39 Pac. 1035, 28 L. R. A. 53; *Kinkel, v. Winne,* 67 Kan. 100, 72 Pac. 548, 62 L. R. A. 596; 2 Mechem on Sales, § 1311.) There are exceptions to this rule, but none of them is applicable to the facts in this case.

There was no good reason to complain of the rule relating to the measure of damages stated by the court. The jury were, in effect, told that if they found for Woods they should allow him such part of the notes and interest as was lost through the false and fraudulent representations of Parker. The notes would have

been worth their face value if they had been fully secured as Parker represented them to be, but without the securities they were worthless, and hence the difference between the amount of the notes and any allowance made because of the defects in the automobile was the measure of Woods' recovery.

The judgment of the district court will be affirmed.