No. 19,925.

THE AMERICAN SURETY COMPANY OF NEW YORK, *Appellee,* v. THE MARYLAND CASUALTY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. CORPORATION—*Sued in Wrong Name—Answer—Trial—Judgment— Misnomer Waived.*   Where process is served against a defendant corporation in the wrong name and it answers in that name, a judgment taken against it is as valid as if rendered against it in the right name. The failure to plead the misnomer waives it.

2. SAME—*Misnomer—No Plea in Abatement—Misnomer Waived.*   The New Century Zinc and Lead Mining Company, a corporation organized under the laws of Delaware, was sued by an employee to recover damages for personal injuries.   The petition and summons described the defendant as "The New Century Mining Company" and the petition alleged that it was a Kansas corporation.   The summons was

served upon the president of the company; an answer was filed in the name of "The New Century Mining Company" as defendant, and the cause was tried and judgment rendered against defendant. On appeal to the supreme court the judgment was affirmed. In no manner was the misnomer brought to the attention of the district or the supreme court. *Held,* that failure to file a plea in abatement waived the misnomer, and that after the judgment it is too late for the defendant, or for a casualty insurance company in privity with it, to question the fact that the company was sued, or the validity of the judgment.

3. INDEMNITY BOND—*Against Injuries to Employees—Judgment for Employee—Liability on Indemnity Bond.* A casualty company issued a policy indemnifying a corporation from liability for injuries to its employees and agreeing to defend all suits brought against it. It defended such an action where the corporation was sued by the wrong name and judgment was taken against the defendant. *Held,* after the affirmance of the judgment on appeal it is too late for the casualty company to question the validity of the judgment, or its own liability to a surety company which signed the supersedeas bond and took an assignment of the policy as security for money advanced to satisfy the judgment.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed February 12, 1916. Affirmed.

*A. M. Keene,* of Fort Scott, for the appellant.

*William F. Sapp,* and *A. S. Wilson,* both of Galena, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Ed Reynolds sued the New Century Zinc and Lead Mining Company, a corporation organized under the laws of Delaware, to recover damages for personal injuries. In his petition he described the company as "The New Century Mining Company," and alleged that it was a Kansas corporation. The summons contained the same misnomer, but was served personally upon the president of the company. The Maryland Casualty Company had issued a policy to the New Century Zinc and Lead Mining Company indemnifying it from loss by liability for injuries to its employees, and agreeing to defend at its own cost all suits brought by employees against the company. The summons and papers in the Reynolds case were sent to the attorneys for the casualty company at the request of the latter company, and they filed an answer for "The

New Century Mining Company" and defended the action in the district court, where Reynolds obtained a judgment. The true name of the mining company was not disclosed by any pleading filed in its behalf, but an appeal was taken to the supreme court by the attorneys for the casualty company, the title of the cause remaining the same. The supersedeas bond, however, was signed in the true name of the defendant company as principal, and also by the American Surety Company as surety. The New Century Zinc and Lead Mining Company advanced the premium for the supersedeas bond and the premium for its renewal a year later, but the casualty company reimbursed it for these payments. The judgment in Reynolds' favor was affirmed in this court at the July term, 1913. (*Reynolds v. Mining Co.*, 90 Kan. 208, 133 Pac. 844.) When the mandate was sent down the New Century Zinc and Lead Mining Company satisfied the judgment and costs. It obtained the money to do this by a loan made by the American Surety Company, which had signed the supersedeas bond. In order to secure the loan or advancement of the money, it assigned to the surety company its interest in the policy of insurance issued by the American Casualty Company. That company denied any liability to the surety company on the policy, and the surety company brought this action to recover the amount of the judgment and costs in the Reynolds case. A jury returned a verdict in favor of the surety company and judgment was rendered in its favor, from which the casualty company has appealed.

We are unable to discover any reason why the judgment should not be affirmed or any way by which the casualty company can escape liability on its policy of indemnity. The judgment in the Reynolds case was enforceable against the New Century Zinc and Lead Mining Company notwithstanding the company was sued in the wrong name. The summons was served upon its president, an answer was filed and the action contested on its merits as though there had been no misnomer. If the company objected to being sued in the wrong name it should have filed a plea in abatement or called the court's attention to the mistake in some way. Failing to do so or to disclose its true name, it waived the misnomer. (*School District v. Griner*, 8 Kan. 224; *Clark v. Clark*, 19 Kan.

522; *Wilton Town Co. v. Humphrey*, 15 Kan. 372.) The court would have authorized an amendment correcting the mistake if its attention had been challenged to it. (*Weaver v. Young*, 37 Kan. 70, 14 Pac. 458; *Service v. Bank*, 62 Kan. 857, 860, 62 Pac. 670.) But to have the mistake corrected was not what either the mining company or the casualty company desired. From the statement of counsel for defendant at the trial of the present case, it appears that the casualty company thought some advantage could be gained by defending the Reynolds action in the name under which he sued the mining company and by concealing the misnomer. It is well-established law that where process is served upon a defendant in a wrong name and he answers in the named sued upon, a judgment against him is as binding as if rendered against him in his right name. If he fail to plead the misnomer he waives it. (37 Cent. Dig. cc. 2607-2610, § 177, and cases cited.)

Although when the Reynolds judgment was affirmed the American Surety Company became liable on the supersedeas bond, its liability was that of a surety, and the mining company, the judgment debtor, was primarily liable. Officers of the surety company and of the mining company testified to the fact that the money to pay the judgment was obtained by a loan from the surety company, and that the policy was assigned and transferred as security for the loan. It made no difference whether any note was given or any charge or account made.

There was no ground upon which to sustain the demurrer to the evidence. It is difficult to see how the trial court could have erred in charging the jury that the New Century Zinc and Lead Mining Company was the same thing as the New Century Mining Company. For all purposes of this action they are the same, or, putting it another way, the mining company's legal name is as stated in its charter, but it is sometimes known by the name in which it was sued and the judgment in Reynolds' favor rendered; because the fact remains that the suit was defended through the courts just as though the company had been sued in its charter name.

The instructions were quite favorable to the defendant. Some of the special questions submitted by the defendant might well have been refused, but the jury seem to have

answered them properly. Their affirmative answer to the question whether Reynolds ever brought an action against the New Century Zinc and Lead Mining Company was correct. He sued that company under the wrong name; the company waived the misnomer and defended the action. After the judgment it is too late for that company, or for the casualty company which was in privity with it, to question the fact that the company was sued. The same may be said respecting the special question whether defendant ever issued an indemnity policy to a corporation by the name of the New Century Mining Company. The jury answered Yes; and under the court's instructions and the law as we have stated it, for every purpose connected with this case, the answer, though not literally correct, is substantially so. The question should not have been submitted, for no one claimed that the policy was issued to a company of that name, so it makes no difference how it was answered. The defendant's liability on the policy could not be affected by any of the answers returned by the jury.

The judgment is affirmed.