No. 20,787.

O. L. RING, *Appellee*, v. THE PHŒNIX ASSURANCE COMPANY, LIMITED, OF LONDON, *Appellant*.

SYLLABUS BY THE COURT.

1. TRIAL—*Amendment to Petition After Jury is Called—No Error.* When the case was called for trial and the jury were in the box the plaintiff was permitted to amend his petition by interlineation increasing the per cent of loss and the sum sued for. The defendant objected, but made no request for delay and proceeded with the trial. *Held*, that granting such permission was not error.

2. HAIL INSURANCE—*Loss—Tender—Waiver of Proof of Loss.* A tender of a substantial sum in full settlement of the plaintiff's claims operated as a waiver of all claimed defects in the proof of loss and of the proof itself, notwithstanding a provision of the policy that no one could waive such proofs.

3. HAIL INSURANCE—*Foreign Corporation—Action for Loss—Attorney Fee.* The defendant, a fire insurance company of London, not shown to have been authorized to do a hail insurance business in this state, is not liable for an attorney fee, although admitting in its answer its authority to do such business here, there being no statutory authority for the allowance of such fee.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed April 7, 1917. Modified.

*Ray H. Beals,* of St. John, for the appellant.
*Paul R. Nagle,* of St. John, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued on a policy of hail insurance issued by a London fire insurance company, and recovered. He was also awarded an attorney fee. The defendant appeals, and assigns as the principal errors the permission given the plaintiff to amend his petition, an excessive recovery for a certain loss, and the judgment for the attorney fee.

The petition originally alleged and prayed for damages amounting to $1484. When the case was called for trial and the jury were in the box leave was given to amend by interlineation, changing this sum to $2013.33 and the per cent of loss from 40 to 66⅔. The defendant objected and sought to shut out evidence under one of the counts, but was overruled. Counsel complains that time was not given to file an amended answer. The journal entry, however, fails to show that any request for delay or to amend was made, but the parties seem to have proceeded to trial voluntarily. Under the expanse of judicial discretion supplied by section 140 of the civil code no harm appears to have befallen the defendant, and hence the trial court's discretion was not abused. (*Deter v. Jackson,* 76 Kan. 568, 92 Pac. 546, *Woods v. Nicholas,* 92 Kan. 258, 140 Pac. 862.)

Fault is found because the strict terms of the policy touching proofs of loss were not complied with. But regardless of the evidence as to these proofs, it appears that the defendant tendered $576 in "full settlement and payment of all claims you may have against the said Phœnix Assurance Company, Ltd., of London, for all loss and damage sustained to growing crops described in said policy of insurance by hail during the season of 1915, previous to this date." Further, the petition alleged this tender and its refusal, and the answer, unverified, admitted such tender and averred that the defendant made it "in order to avoid the trouble and expense of a lawsuit." The letter transmitting this tender stated that it was in full settlement and payment. In this state of affairs the defendant is in no condition to invoke the doctrine that the provisions of the policy could not be waived, for it had in fact and in law waived them. (*Insurance Co. v. Thorp,* 48 Kan. 239, 28 Pac. 991; *Insurance Co. v. Munger,* 49 Kan. 178, 30

Pac. 120; *Despain v. Insurance Co.,* 81 Kan. 722, 728, 106 Pac. 1027; Note, 13 L. R. A., n. s., 839; 14 R. C. L. 1155.)

"A distinct recognition of liability by the insurer, as by an offer to pay all or a part of the loss, amounts to a waiver of formal notice and proof of loss or of defects therein." (14 R. C. L. 1349.)

The insurance covered two fields of wheat, one of 80 acres and the other of 290 acres. When the policy was issued, June 19, the crop had already suffered damage to a certain amount, and this was understood by the parties. It was alleged that on July 3 another damage of 66⅔ per cent occurred, and that later in July another damage of ten per cent, or $296. This amount for the second loss under the policy was allowed by the jury. The defendant complains of this and says that according to the plaintiff's own testimony eighty acres of the wheat had been cut at the time he had the second loss, which assertion is borne out by the record. When asked if he excepted the eighty acres that had been cut the plaintiff testified there was nothing said about it, that he was not making a claim for the acres that were cut, but he did not tell the agent about it. To this the plaintiff's counsel replies that the application shows that the plaintiff was insured not for 370 acres at $8 an acre, making $2960, but for the sum of $3020, the premium being $151, the proper amount for the latter insurance, and more than enough to pay for $2960 worth. Whatever the fact may be about the premium the policy itself as set out in the abstract limits the amount to $8 an acre on eighty acres, $640, and $8 an acre on 290 acres, $2380 instead of $2320, showing a mistake in computation, the total being $2960 instead of $3020. As the plaintiff recovered for ten per cent of this amount for the second loss, or $296, for 370 acres he recovered for eighty acres too much, being entitled to $232 instead of $296. A motion to set aside the findings was overruled, likewise a motion for new trial. Hence the defendant is entitled to a reduction of $64 from the amount recovered for the second loss.

As to the allowance of an attorney fee, it was settled by *Evans v. Insurance Co.,* 87 Kan. 641, 125 Pac. 86, that in the absence of a statute allowing it a successful plaintiff is not entitled to recover this fee. This rule was referred to with approval in *Winkler v. Bank,* 89 Kan. 279, 131 Pac. 597, and

in *Malet v. Haney*, 98 Kan. 20. Chapter 205 of the Laws of 1911 makes provision for this allowance only in case of judgment on a policy to insure against loss by fire, tornado or lightning. Section 26 of chapter 206 of the Laws of 1913, relating to mutual hail insurance companies, allows an attorney fee, on recovering judgment, to "any member of a company organized under the provisions of this act," which, of course, does not include a London fire insurance company like the defendant. Section 5359 of the General Statutes of 1915 is section 4 of chapter 142 of the Laws of 1897, authorizing such fee only against a fire insurance company insuring against loss by fire, tornado or lightning. Section 5398 is section 26 of the act of 1913 just referred to. No statute has been pointed out or found authorizing such recovery in this sort of action. It is suggested by counsel for the plaintiff that as the answer admits the authority of the company to write hail insurance in Kansas (although no such authority appears), and as section 2140 of the General Statutes of 1915 provides that any corporation organized under the laws of another country and authorized to do business in this state shall be subject to the same provisions, judicial control, restrictions and penalties, except as therein provided, as corporations organized under the laws of this state, and as the defendant holds itself out as authorized, it ought to be treated like a home company. The plaintiff alleged, however, in his petition that whether the defendant was authorized to write hail insurance he was not able to say, and could not ascertain definitely. While, therefore, it might be an act of ultimate and essential justice to penalize the defendant for doing unauthorized hail insurance business in this state no reason is apparent why a citizen who patronizes such a company instead of one organized at home should recover more than the statute and the settled law of the state permit him to recover.

Certain other matters are complained of but do not present errors substantial enough to require consideration.

The judgment is required to be modified by deducting therefrom the sum allowed for attorney fee and the $64 excess recovery for the second loss, and when thus modified will be affirmed.