No. 43,111

WILMA J. ROCKEY and GEORGE E. ROCKEY, *Appellants,* v. DONALD W. RUNFT, *Defendant,* and THE NORTH CENTRAL KANSAS ELECTRIC COOPERATIVE, INCORPORATED (N.C.K. ELECTRIC COOPERATIVE, INC.), *Appellee.*

(379 P. 2d 285)

Opinion
filed March 2, 1963.

*George P. Nellans,* of Norton, argued the cause and was on the brief for the appellants.

*Clarence Paulsen,* of Concordia, argued the cause, and *Frank C. Baldwin, Dean L. Gibson* and *W. B. Buechel,* all of Concordia, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a tort action for damages brought on the theory of trespass. A summons was issued by the clerk of the district court directing the sheriff to notify the defendants, Runft and the "North Central Kansas Electric Cooperative, Incorporated," of the suit. The trial court on motion of the "N. C. K. Electric Cooperative, Inc.," appearing specially, quashed service of summons upon it, whereupon the plaintiffs duly perfected an appeal.

The basic question presented is whether the summons as served was sufficient to acquire jurisdiction over the N. C. K Electric Cooperative, Inc. in this action.

The N. C. K. Electric Cooperative, Inc. in its motion to quash service upon it assigned the following reasons: (1) That it had been sued under the wrong name; (2) that the clerk of the district court failed to type the names of the plaintiffs in the body of the summons served upon the manager of the N. C. K. Electric Cooperative, Inc.; and (3) that the deputy sheriff, who served the summons upon the manager of the N. C. K. Electric Cooperative, Inc. at its offices in Belleville, Kansas, failed to make a proper return on the summons.

The record discloses that three days prior to the running of the statute of limitations the plaintiffs, Wilma J. Rockey and George E. Rockey (appellants) filed a petition which sounded in tort for damages alleged to have resulted from fire which destroyed their country home on the 14th day of December, 1959. The action

was titled "Wilma J. Rockey and George E. Rockey vs. Donald W. Runft and the North Central Kansas Electric Cooperative, Incorporated."

The summons subsequently issued by the clerk of the district court of Republic County and served named the defendants as "Donald W. Runft and the North Central Kansas Electric Cooperative, Incorporated." Nowhere in the summons did the names of the plaintiffs appear. The name of the *plaintiffs' attorney* was, however, stated in the summons opposite the signature of the clerk, and the *case number* in the district court of Republic County, Kansas, was given at the heading of the summons. The summons further recited that suit was brought "For Recovery of Monetary damages in the amount of (Runft) $37,500.00 (Cooperative) $12,500.00, together with interest and costs."

The sheriff's return disclosed receipt of the summons on December 11, 1961, at 3:40 o'clock p. m., and service upon Runft the same day at 4:30 o'clock p. m. It was signed "Glenn Tallent Sheriff, By /s/ Paul B. Wenda, *Under Sheriff*." (Emphasis added.) Immediately thereafter on the summons appears the following:

"SHERIFF'S CORPORATION RETURN

"State of Kansas, County of Republic, ss.

"Received this writ, this 11th day of December, A. D., 1961, and as commanded by this Writ, I summoned the North Central Kansas Electric Cooperative, Incorporated by delivering to Everett L. Ledbetter, Manager, Personally, the _____ for and on behalf of said Corporation, at its office and usual place of business, in Republic County, Kansas, a copy of the Summons herein.

(Printing crossed out)

"Dated this 11th day of December, 1961.

Glenn Tallent Sheriff

By /s/ Paul B. Wenda _____ Sheriff"

The summons, bearing the above return, but bearing no caption showing either of the plaintiffs' names, was filed with the clerk of the district court on December 12, 1961. Thereafter on the 9th day of January, 1962, the N.C.K. Electric Cooperative, Inc. (appellee) filed its duly verified motion to quash service of summons by making a special appearance.

At the hearing on the motion the appellee, in support of its contention that it could be sued only in its corporate name (citing G. S. 1949, 17-4604[a]), introduced as evidence a duly certified copy of the articles of conversion filed with the secretary of state on the 2nd day of March, 1943, by which the appellee came under

the Kansas Electric Cooperative Act. This document disclosed the appellee's name and address prior to its conversion into a cooperative was "The North Central Kansas Rural Electrification Cooperative Association, Inc., Belleville, Kansas," and that subsequent thereto its name was "N.C.K. Electric Cooperative, Inc." and the address of its principal office was to be "Belleville, Kansas."

The appellants, on the other hand, without filing an affidavit or introducing evidence, argued to the trial court that the appellee's name on the articles of incorporation filed in the register of deeds office of Republic County, Kansas, does not disclose the name of the appellee to be "N.C.K. Electric Cooperative, Incorporated;" and that the change in its corporate name was never re-registered in the county in which the original articles were registered, namely Republic County, Kansas, which is also its principal place of business, in accordance with G. S. 1949, 17-2804 and 17-4207.

The trial court denied the appellants' oral motion to amend the summons and sustained the appellee's motion to quash, holding in substance that no summons had been issued for the appellee and there was no return upon the appellee to amend. The trial court also held the summons defective because the names or identity of the plaintiffs bringing the action was not apparent from any part of the summons.

The appellee concedes the defects in the *officer's* return on the summons could have been cured by amending the return to make it speak the truth, had the trial court found such amendment to be in the furtherance of justice. The alleged defects on this point specified in the appellee's motion to quash are the failure of the return to show (1) the time of service upon the appellee (See, G. S. 1949, 60-2508); (2) affirmative compliance with G. S. 1949, 60-2506 and 60-2518; and (3) compliance with the provisions of G. S. 1949, 60-2506 in that the corporate return did not disclose Paul B. Wenda was a deputy and the return is not verified. (See G. S. 1949, 60-3817 and 19-803.)

The appellee states if the foregoing errors in, and omissions from, the return had been the only defects, the trial court would have permitted an amendment to make the return speak the truth, but the trial court found the summons itself to be defective and justice would not be furthered by correcting a return on a void summons.

By reason of the foregoing concession we shall treat only the first two points specified in the motion to quash.

Did failure to sue the appellee in its correct corporate name void the service of process upon the appellee?

This point was raised by the appellee at the first opportunity, and insofar as the record discloses the appellee has waived nothing.

The appellee contends the motion to quash service "told the appellants in detail what was wrong with the summons while they still had time to save themselves according to the sixty-day grace period allowed by the proviso in G. S. 1949, 60-308." It is therefore argued the appeal herein is from a final decision of the lower court only because the appellants neglected to exercise their statutory rights in time, which in turn has caused the bar of the statute of limitations to operate against them.

We consider the foregoing point immaterial to a determination of the issues on appeal.

G. S. 1949, 60-759 provides in part:

*"The court or judge may,* before or after judgment in furtherance of justice and on such terms as may be proper, *amend any* pleading, *process* or proceeding *by* adding or striking out the name of any party, or *correcting a mistake in the name of a party,* or a mistake in any other respect, . . . *when such amendment does not change substantially the claim or defense;* . . ."` (Emphasis added.)

We are confronted with facts which disclose that the proper officer of the appellee was served with summons, but the appellee was named as "North Central Kansas Electric Cooperative, Incorporated," whereas it should have been named "N. C. K. Electric Cooperative, Inc." It is apparent from the record "N. C. K." represents the initials for "North Central Kansas." This is the primary discrepancy. Another discrepancy is "Incorporated" as distinguished from its abbreviation "Inc."

The appellee argues that when used as part of the name of a general corporation the statute does not seem to recognize "Incorporated" and its abbreviation as being interchangeable (G. S. 1961 Supp., 17-2802 A.), and the name of an electric cooperative may not end with the word "Incorporated."

G. S. 1949, 17-4605 reads in part:

"The name of a [electric] coöperative shall include the words 'electric' and 'coöperative,' *and the abbreviation 'Inc.'"* . . . (Emphasis added.)

We regard the incorrect use of the word "Incorporated" in the name of an electric cooperative, as distinguished from the correct use of the abbreviation "Inc.," to be immaterial and of such a

technical nature as to warrant no further discussion under the facts and circumstances here presented.

The question therefore resolves into the difference between "North Central Kansas" and "N. C. K.," under such facts and circumstances as to indicate that the latter is merely the initials or a contraction of the former. The subject of contractions in trade names of corporations, as distinguished from the correct names, received some attention in *American Fence Co. v. Gestes*, 190 Kan. 393, 375 P. 2d 775.

It could hardly be said that an amendment to the petition and process in the instant case, correcting the mistake in the appellee's name, would "change substantially the claim or defense." If, however, the service upon the appellee is void because the appellants used the incorrect name of the appellee, then it could not be corrected by amendment.

The appellee relies upon G. S. 1949, 17-4604 which says "A cooperative shall have power: (*a*) To sue and be sued *in its corporate name*." (Emphasis added.) (See, also, G. S. 1949, 17-4605.)

The only statement in our cases directly in point is a dictum found in *Surety Co. v. Casualty Co.*, 97 Kan. 275, 155 Pac. 59, where the court said:

". . . If the company objected to being sued in the wrong name it should have filed a plea in abatement or called the court's attention to the mistake in some way. Failing to do so or to disclose its true name, it waived the misnomer. . . . *The court would have authorized an amendment correcting the mistake if its attention had been challenged to it. . . ."* (pp. 277, 278.) (Emphasis added.)

It has been recognized that defective process is of two kinds, void and voidable. When voidable merely, the defect may generally be remedied by an amendment, but when the defect is of such nature as to render the process void, it is not amendable because it is a nullity and there is nothing to amend. Where the process is merely voidable it is valid until attacked, and an amendment is allowable where the process, although irregular, is sufficient to give jurisdiction—where it can clearly be determined from the process itself what was intended.

A case touching upon the subject is *Butter Tub Co. v. National Bank*, 115 Kan. 63, 222 Pac. 754. There a twofold question was presented: (1) Whether the proceedings were void because the plaintiff, in its petition, affidavit for garnishment, and affidavit for service by publication, incorrectly alleged that " 'The Vail Cooper-

age Company'" was a corporation; and (2) whether the inter-pleader (the garnishee defendant) waived such defects by sub-mitting itself to the jurisdiction of the court and asking for affirma-tive relief, when the principal defendant (The Vail Cooperage Company) had not entered an appearance. In the opinion the court said:

"In some courts such an error as described here is fatal to the proceedings, as not bringing the right defendant into court, or as suing the wrong party. In those jurisdictions an amendment to correct the defect is deemed bringing in new parties, and is, therefore, not allowed. *The weight of authority and the better reasoning, however, appears to support the theory that the plaintiff may amend his pleading or process in order to properly designate the de-fendant. The amendment may be made in furtherance of justice when the amendment does not change substantially the claim or defense* (Civ. Code 140; R. S. 60-759.) It cannot here be said that the wrong party was sued. There was no misdescription in the name of the defendant. Plaintiff's error was in alleging 'The Vail Cooperage Company,' to be a corporation. There was no corporation under the name of 'The Vail Cooperage Company.' The publication notice was directed, not to a corporation, but to 'The Vail Coop-erage Company.' There was no change of parties when plaintiff amended its petition. *It is a salutary rule that cases should be determined on their merits, rather than on technicalities of procedure—on matters of substance, rather than matters of form."* (p. 67.) (Emphasis added.)

We think the decisions of *Butter Tub Co. v. National Bank,* supra, and *Surety Co. v. Casualty Co.,* supra, have charted the course of our law on the facts presently confronting us.

As early as *Woods v. Nicholas,* 92 Kan. 258, 140 Pac. 862, amend-ments for the purpose of correcting mistakes or defects in plead-ings, that would promote justice and not substantially change the claims or defenses of parties, were recognized by the court as those which *should be liberally granted.*

Recently in *Heath v. Martin,* 187 Kan. 733, 359 P. 2d 865, in dis-cussing the application of G. S. 1949, 60-759, it was said:

"The decisions of other jurisdictions, and G. S. 1949, 60-759, and our decisions thereunder, show that the better rule, as above stated, is that under the proper circumstances amendments to pleadings, processes, or proceedings before or after judgment, may and *should be made in furtherance of justice.* . . ." (pp. 739, 740.) (Emphasis added.)

A substitution of the names of guardians was presented in *Mc-Donald v. Carlson,* 182 Kan. 480, 322 P. 2d 798. Regarding the motion to amend the name it was said the trial court had much discretion in such a situation, and in the furtherance of justice it must be ever vigilant to guard the rights of the parties. It said

"Making the substitution order *would have been merely a matter of procedure to be followed by the trial court and we think it was incumbent upon that court to do so in this case.*" (p. 487.) (Emphasis added.)

Striking the name of a person as plaintiff and substituting the correct name, where mistake is shown, has been held to be within the power of the district court, in the furtherance of justice. (*Weaver v. Young*, 37 Kan. 70, 14 Pac. 458.) Similarly, substituting the real owner of the note and mortgage as plaintiff in place of the payee of the paper, in whose name the action has been brought by mistake, has been held proper. (*Service v. Bank*, 62 Kan. 857, 62 Pac. 670.)

In the motion to quash the appellee concedes that *its manager* was personally served with summons at the appellee's office and principal place of business in Belleville, Kansas, on December 11, 1961. It is clear from the summons who was to be served with process. An intention to serve the appellee was unmistakably apparent, since there was no other R.E.A. company in the vicinity, and certainly no company supplying electricity to farmers in the area of Scandia, Kansas, or to the farm home of the appellants, other than this appellee.

We hold that failure to sue the appellee in its correct corporate name, under all of the facts and circumstances here presented, was not fatal to the service of process upon the appellee, and the mistake was subject to correction by amendment of the process upon motion of the appellant under 60-759, *supra*.

Was the failure to name the plaintiffs in the summons a defect which could not be cured by amendment after service?

G. S. 1949, 60-2501 provides in part:

"The summons shall be . . . directed to the sheriff . . . and command him to notify the . . . defendants, named therein, that . . . they have been sued, and must answer the petition filed by the plaintiff, *giving his name*, at a time stated therein, . . ." (Emphasis added.)

The appellee herein has not elected to waive this defect and contends the defect is fatal to the summons.

We have been cited to no Kansas decision involving the omission of the plaintiff's name from a summons. The appellee relies upon a case from Maine which holds that such writ cannot be amended. (*Jones v. Sutherland*, 73 Me. 157.) The appellee relies upon general statements in our decisions to the effect that juris-

diction over the person of a defendant can be acquired only by issuance and service of process in the method prescribed by the statute or by voluntary appearance, and that such statutory method is exclusive of any other method of service. (*Butler County Comm'rs v. Black, Sivalls & Bryson, Inc.,* 169 Kan. 225, 217 P. 2d 1070.)

The appellee also relies upon *McFadden v. Mid-States Manufacturing Corp.,* 175 Kan. 240, 262 P. 2d 838, where the court said:

". . . The authorities are in accord that one of the essentials of any process is that it name the party who must respond. The process must show the party for whose benefit the action or proceeding has been instituted, and the party who is to be served. The naming of the defendants is a mandatory requirement. . . ." (p. 242.)

The appellee argues it would not do to allow the clerk to add to the summons the plaintiffs' names after a copy of it had been delivered to the appellee, because the delivered copy would not then be a true copy in the hands of the defendant.

We do not think the failure to name the plaintiffs in the summons in the instant case was a fatal defect. The summons gave the appellee the name of the plaintiff's attorney, the case number assigned to the case which had been filed in the district court of Republic County, Kansas, and gave sufficient information regarding the nature of the action to inform the appellee of the parties bringing the suit. If not within the appellee's personal knowledge at the time of service, certainly the names of the plaintiffs were available to the appellee in short time by inquiry over the telephone. We fail to see how a mistake made by omitting the plaintiffs' names from the summons, upon all the facts and circumstances here disclosed, could prejudice the rights or substantially injure the defense of the appellee. It would be ironical to say such omission was fatal when we have cases holding that a petition naming the wrong plaintiff can be amended by substituting the name of the proper plaintiff.

It was apparently recognized by the legislature that attorneys and elected officials, such as the clerks of district courts and sheriffs, would from time to time make mistakes. Realizing this fact, the legislature enacted 60-759, *supra*, permitting the amendment of process to correct a mistake in the name of a party when such amendment does not change substantially the claim or defense. In making application of the foregoing statute to the cases, the court has admonished that amendments should be liberally granted, to

the end that such cases should be determined on their merits, rather than on technicalities of procedure—on matters of substance, rather than matters of form.

The power of discretion conferred by the provisions of G. S. 1949, 60-759, upon the trial court, is not an absolute or an arbitrary power, but a power of judicial discretion. Such discretionary power is granted under the statute in the furtherance of justice relative to the substantive rights of the parties, and not to impede justice with respect to such rights. In other words, procedural matters are designed to aid parties litigant in a court of law to resolve conflicts on the basis of their substantive rights, and they are not designed for use by a trial court to the prejudice of such rights. Before a judgment will be reversed for refusing to permit an amendment of a pleading or process, it must affirmatively appear from the record that there was an abuse of discretion by the trial court. (*Fisher v. Pendleton,* 184 Kan. 322, 336 P. 2d 472, 74 A. L. R. 2d 1274.)

In our opinion the trial court abused the exercise of its power of discretion in failing to sustain the appellants' oral motion to amend their petition by changing the name of the appellee to "N. C. K. Electric Cooperative, Inc.;" in failing to sustain the appellants' oral motion to amend the process; and in quashing service of process upon the appellee.

The judgment of the lower court is reversed.

PARKER, C. J., dissents from paragraph 3 of the syllabus and the corresponding portions of the opinion.